THE PEOPLE ex rel. CHARLES BANKS et al., Respondents, *v.* JAMES B. COLGATE, Appellant.

One S. being the owner of a tract of land on the east side of, and bounded on the west by, the Hudson river, caused a map thereof to be made and filed. On this map lots were laid down as abutting on the easterly side of North River street, a street represented as running along the shore of the river. The street was never opened or used by the public; and in front of one of the lots, numbered 61, the greater part of the street was below high-water mark. The grantees of S. conveyed lot 61, describing the western boundary as running along the easterly line of North River Street, and defendant became the owner by deed containing the same description. Defendant applied to the commissioners of the land office for a grant of the land under water in front of lot 61, representing in his application that he was the owner of the adjacent land. The application was granted and letters patent issued to him. In an action brought to vacate the grant, *held*, that it was made without authority, and was properly vacated (1 R. S., 208, § 67); that defendant was not the owner of the land adjacent to the river, but simply of an easement therein; and that only the owner of the fee was entitled to the grant.

(Argued December 4, 1876; decided December 19, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department affirming a judgment in favor of plaintiffs, entered upon the report of a referee.

This action was brought by the attorney-general to vacate and annul certain letters patent of lands under water in the Hudson river, issued pursuant to a resolution of the commissioners of the land office, on the ground that it was executed under mistake, and in ignorance of material facts.

The facts are set forth sufficiently in the opinion.

*Charles Jones* for the appellant Defendant is the "adjacent owner" and "proprietor of the adjacent lands," within the meaning of the statute relating to grants of land under water. (1 R. S., 208, § 67; 1 id. [6th ed.], 602, § 82; *Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y., 61; *Holden* v. *Trustees of Cold Spring*, 21 id., 474; *In re Lewis St.*, 2 Wend., 772; *In*

1876.]   PEOPLE ex rel. BANKS et al. v. COLGATE.   513

Opinion of the Court, per ANDREWS, J.

*re Thirty-ninth St.*, 1 Hill, 191; *People* v. *Mauran*, 5 Den., 389; *Morgan* v. *Livingston*, 6 Martin, 19; *Municipality* v. *Orleans Cotton Press*, 18 La., 123; *C. and O. Canal Co.* v. *Un. Bk.*, 5 Cranch, 509.) The relators are estopped from attacking the validity of the grant to defendant. (1 R. S., 208 [m. p.], § 70.)

*E. Ellery Anderson* for the respondents. The deed from Jones and Candee to Ross did not convey to him any interest in the land in North River street lying in front of lot 61. (*Wetmore* v. *Law*, 34 Barb., 515; *Van Amringe* v. *Barnett*, 8 Bos., 357; *Anderson* v. *James*, 4 Robt., 35; *Halsey* v. *McCormick*, 13 N. Y., 296; *Jackson* v. *Hathaway*, 15 J. R., 447; *Munn* v. *Worrall*, 53 N. Y., 44.) The relators' title to the strip of land is a fee absolutely free from any lien or easement whatever. (*Craig* v. *Rock City*, 39 N. Y., 404; *Higgins* v. *Reynolds*, 31 id., 151.)

ANDREWS, J. In 1852, one Simpson Sampson was the owner of a tract of land on the east side of the Hudson river, in the village of Yonkers. In March of that year he caused a map of the tract to be made and filed. On this map lots, among others lot 61, were laid down as abutting on the easterly side of North River street, a street represented on the map as twenty-nine feet wide, running easterly and westerly along the shore of the river. This street had no existence, except on the map. It has never been opened or used by the public, and in front of lot 61, by reason of the inward trend of the shore line of the river, the greater part of the street as laid down on the map was below high-water mark. The river was the western boundary of the Sampson tract, and only that part of North River street above high-water mark was covered by the Sampson title. The title to the bed of the river was in the State. The part of the street in front of lot 61 above high-water mark, consisted of a narrow and irregular strip of land on the easterly side, from three to eleven feet in width.

On the 4th day of May, 1852, Richard Jones and Edward W. Candee, who had acquired the title of Sampson to the whole tract, conveyed to one Ross, lot 61, as laid down on the map, the western boundary thereof being described in the deed to him as running along the easterly line of North River street, and the defendant on the 30th day of April, 1864, became the owner of lot 61 by deed, from the grantee of Ross, containing the same description. The defendant never had any right in the upland within the boundaries of North River street in front of lot 61, other than that he acquired by the deed to which we have referred. On the 19th day of March, 1853, Candee, who had acquired the interest of Jones in the Sampson tract, deeded to Joseph H. Jennings the upland within the boundaries of North River street, and he held it under this title at the time of the grant from the State, now to be mentioned.

In May, 1871, the defendant applied to the commissioners of the land office, for a grant of the land under water in the Hudson river in front of lot 61, and in his notice of application, which contained a description of the land to which the application related, he represented that he was the owner of the adjacent land. The commissioners of the land office granted the application, and on the 19th day of August, 1871, letters patent were issued to the defendant for the lands described in the application. This action was brought by the Attorney-General in the name of the people, to vacate, and avoid the grant to the defendant, on the ground that it was made under a mistake, and in ignorance of material facts. The relator was joined with the people as plaintiff, upon the allegation that he owned the land in North River street, adjacent to the land under water granted to the defendant.

Grants by the State of land under the waters of navigable rivers are regulated by statute, and the authority of the commissioners of the land office in respect to them is defined and limited. The statute provides as follows: "The commissioners of the land office shall have power to grant in perpetuity, or otherwise, so much of the lands under

the waters of navigable rivers or lakes, as they shall deem necessary to promote the commerce of this State, or proper for the purpose of beneficial enjoyment of the same by the adjacent owner; but no such grant shall be made to any person other than the proprietor of the adjacent lands, and any such grant that shall be made to any other persons shall be void." (1 Rev. Stat., page 208, § 67.) From the preceding statement of facts it appears that at the time the letters patent were issued to the defendant, he was the owner of lot 61 of the Sampson tract under a deed which bounded him on the west by the east line of North River street, and that Jennings had title to the upland in North River street between lot 61 and the river. The statute expressly prohibits the commissioners of the land office from making any grant of lands under water, except to the owner and proprietor of the adjacent lands, and avoids any such grant to any other person.

The defendant was not the owner or proprietor of the land adjacent to the river in front of lot 61. The deeds under which he derived title to lot 61, by express and definite language, made the east side of North River street the west boundary of the lot, and by necessary inference North River street was excluded from the conveyance. The soil and freehold of the upland in the street was in Jennings, subject to the easement of a right of way in favor of the owners of lot 61. This easement was not an estate in the land, but an incorporeal right annexed to the lot of the defendant and constituting a burden or servitude upon the land of Jennings, included within the street. The owner does not divest himself of the fee of his lands by dedicating them as a way. The fee remains in him, with the exclusive right of enjoyment and use, not inconsistent with the dedication, and as owner of the freehold he may maintain trespass, ejectment, or waste. (*Jackson* v. *Stone*, 13 J. R., 447; *Childs* v. *Starr*, 4 Hill, 369.) So, also, the owner of land, upon which there is a way or street, may, on a sale of the land, reserve the way from the conveyance, and if this clearly appears from the language of the deed to have been the intention of the

parties, there is no objection in law to giving it effect. (*Jackson* v. *Stone.*) It is clear that the defendant was not entitled to a grant from the State of the lands under water, embraced in his patent. It is not material upon the question of the validity of the patent, that but a few feet of land separated his lot from the shore of the river. The owners of the tract carefully defined the boundaries of the lots conveyed, so as to retain the title to the land in the street, and it may have been for the very purpose of subsequently securing to themselves, by grant from the State, the lands under water for the erection of docks or other valuable uses. The judgment in this case vacated the letters patent as to the land under water in front of lot 61. It did not adjudge the title of the upland to be in the relator. The averment of title in Banks was immaterial. The grant to the defendant was void whether Jennings or Banks owned the upland. It appears, however, that Banks acquired the title before the commencement of the action.

The judgment must be affirmed.

All concur.

Judgment affirmed.