The Consolidated Ice Company, Appellant, *v.* The Mayor, Aldermen and Commonalty of the City of New York, Respondent.

1. Appeal — Review of Sufficiency of Evidence. The unanimous affirmance by the Appellate Division of a judgment involving a decision that the evidence would not permit a finding that the plaintiff had occupied adversely the property in dispute for such a length of time as would ripen into title precludes the Court of Appeals from looking into the record to inquire whether or not such was the fact, and a finding that the property is located upon a certain river is also conclusively established by such affirmance.

2. Deed — Reservation — Public Street. An exception in a deed of land executed by the city of New York reserving from the premises granted so much thereof as may form any part of any street now or hereafter assigned, designated or laid out through such premises according to law for public use includes land assigned and designated as a street, although not laid out according to law or legally existing as a street at the time of the execution of the grant.

3. Real Property — Action to Determine Claim — Easements. An action to compel the determination of a claim to real property is not maintainable for the purpose of obtaining an adjudication that the plaintiff has easements therein, but the complaint is properly dismissed upon the plaintiff's failure to prove such facts as would entitle it to relief under the statute.

4. Evidence — Admissibility of Statements Explanatory of Map. Remarks or statements, explanatory of a map made by a commissioner of streets and roads in pursuance of a statute authorizing the making of the map, are not admissible in evidence where they have no bearing one way or the other upon the location of the premises in controversy.

5. Payment of Taxes — Adverse Possession.   In an action against a municipal corporation to compel the determination of a claim to real property, evidence that the city had levied taxes and assessments on the premises in controversy is inadmissible upon the question of adverse possession.

*Consolidated Ice Co.* v. *Mayor, etc., of N. Y.*, 53 App. Div. 260, affirmed.

(Argued January 17, 1901; decided February 26, 1901.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered October 8, 1900, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James A. Deering* for appellant.   The premises in dispute were not excepted from the grant to Roberts. (17 Am. & Eng. Ency. of Law, 235; 1 Dillon on Mun. Corp. § 307; 1 Beach on Pub. Corp. § 484; How. & Bemis Munic. Ord. § 210; *Matter of City of Buffalo*, 78 N. Y. 362; *Matter of Douglass*, 46 N. Y. 42; *Singer* v. *Mayor, etc.*, 47 App. Div. 42; *Matter of Rhinelander*, 68 N. Y. 107; *Blackman* v. *Striker*, 142 N. Y. 555; *Langdon* v. *Mayor, etc.*, 93 N. Y. 145; *Duryea* v. *Mayor, etc.*, 62 N. Y. 597; *Murray* v. *Weston*, 85 N. Y. S. R. 1006; *Sheldon* v. *Chicago*, 9 Wall. 50; *United States* v. *B. & M. R. R. Co.*, 98 U. S. 341.)   The strip was not taken by the proceedings of the common council in the year 1859 under the act of 1852 authorizing a street on the Harlem river as it lies along the East river. (*Edmonston* v. *Edmonston*, 13 Hun, 133; *Reed* v. *McCourt*, 41 N. Y. 435; *Jackson* v. *Allen*, 120 Mass. 64; *Ferer* v. *Cooper*, 34 Me. 394; *Beach* v. *Mayor, etc.*, 45 How. Pr. 357.)   No exterior street was, at the date of the grant by the city to

Roberts in 1870, " assigned, designated and laid out through said premises according to law for the uses and purposes of public streets, avenues and highways, as hereinafter mentioned," so as to be included in the exception or reservation. (*Duryee* v. *Mayor, etc.*, 96 N. Y. 477 ; *People* v. *Vanderbilt*, 26 N. Y. 287 ; *McDermott* v. *Nassau El. R. R. Co.*, 85 Hun, 422 ; 147 N. Y. 700 ; *People* v. *G. & S. Tel. Co.*, 98 N. Y. 67 ; *People* v. *Jaehne*, 103 N. Y. 182 ; *Dash* v. *Van Kleeck*, 7 Johns. 497 ; *Columbia Mfg. Co.* v. *Vanderpoel*, 4 Cow. 556 ; *Livingston* v. *Harris*, 11 Wend. 329 ; *Brooklyn Park Comrs.* v. *Armstrong*, 45 N. Y. 234.) The judgment should be reversed because of the exclusion of competent evidence. (*Matter of City of Buffalo*, 78 N. Y. 362 ; *Fletcher* v. *Fuller*, 120 U. S. 537 ; *Hymes* v. *Estey*, 116 N. Y. 501 ; *Porter* v. *Waring*, 69 N. Y. 250 ; *Met. El. Ry. Co.* v. *Dominick*, 55 Hun, 201 ; *Langdon* v. *Mayor, etc.*, 93 N. Y. 129 ; *Mayor, etc.*, v. *Law*, 125 N. Y. 380 ; *Matter of N. Y. C. & H. R. R. R. Co.*, 77 N. Y. 248 ; *Mayor, etc.*, v. *N. Y. C. & H. R. R. R. Co.*, 69 Hun, 324 ; *Knickerbocker Co.* v. *R. R. Co.*, 65 How. Pr. 210.) The judgment should be reversed because it fails to determine the adverse claims of the parties. (Code Civ. Pro. §§ 1638, 1640 ; *Taylor* v. *Hopper*, 62 N. Y. 649 ; *White's Bank* v. *Nichols*, 64 N. Y. 65 ; *Story* v. *N. Y. El. R. R. Co.*, 90 N. Y. 122 ; *Haight* v. *Littlefield*, 147 N. Y. 338 ; *Matter of Curran*, 38 App. Div. 82 ; *Langdon* v. *Mayor, etc.*, 93 N. Y. 129 ; *Williams* v. *Mayor, etc.*, 105 N. Y. 419 ; *Holloway* v. *Delano*, 139 N. Y. 390 ; *Matter of Mayor, etc.*, 28 App. Div. 143.)

*John Whalen, Corporation Counsel* (*Theodore Connoly* of counsel), for respondent. Exterior street was a street " assigned, designated or laid out " within the terms of the grant to Roberts of 1870. (9 Am. & Eng. Ency. of Law [2d ed.], 405.) The provisions of the charter of the city of New York did not apply to the laying out or fixing of the street in question. (1 Dillon on Mun. Corp. 394; *State* v. *Morristown*, 33 N. J. L. 57.) The proceedings by which the street

was laid out were regular.  (1 Dillon on Mun. Corp. § 307;
*State* v. *Elizabeth*, 37 N. J. L. 432; *State* v. *Jersey City*, 3
Dutch. [N. J.] 493; *Paterson* v. *Barnet*, 46 N. J. 62; *Cross*
v. *Morristown*, 18 N. J. Eq. 305; *Nashville* v. *Toney*, 10
Lea, 643; *Bryan* v. *Page*, 51 Tex. 532; *Delphia* v. *Evans*,
36 Ind. 90; *Elmendorf* v. *Ewen*, 2 Leg. Obs. 85; *Striker* v.
*Kelly*, 7 Hill, 9; *Elmendorf* v. *Mayor, etc.*, 25 Wend. 693.)
The exception in the grant is not void for uncertainty except
as to the streets specifically mentioned therein, namely, One
Hundred and Thirteenth and One Hundred and Fourteenth
streets.  (*Smith* v. *Furbish*, 68 N. H. 123.)  The contention
of plaintiff that the exception in the grant was conditional
as to taking effect upon the city's construction of the street
by the grantee is unsound.  (*Mayor, etc.*, v. *Law*, 125 N. Y.
380.)  The refusal to allow in evidence the remarks attached
to the maps filed with the commissioners of streets and
roads, under chapter 115 of the Laws of 1807, was not error.
(*Mayor, etc.*, v. *Law*, 125 N. Y. 380; *Rossire* v. *City of
Boston*, 4 Allen, 57; *City of St. Louis* v. *Gorman*, 22 Mo.
593; *McFarlane* v. *Kerr*, 10 Bosw. 249; *Elsworth* v. *Grand
Rapids*, 27 Mich. 250; *People ex rel.* v. *Cassity*, 46 N. Y.
46; *Smith* v. *Mayor, etc.*, 68 N. Y. 552; *People ex rel.* v.
*Comrs. of Taxes*, 82 N. Y. 459; *People ex rel.* v. *Board of
Assessors*, 93 N. Y. 308; *Baker* v. *U. M. Life Ins. Co.*, 43
N. Y. 283.)

PARKER, Ch. J.   This controversy relates to the land under
water betweeen One Hundred and Thirteenth and One Hun-
dred and Fourteenth streets, nearly all of it being below low-
water line.   The plaintiff claims to have acquired title, not
only to the land in question, but to the land between high and
low-water mark as well, by grant from the city to plaintiff's
predecessor in title, executed and delivered in 1870, which in
terms describes the premises in question as well as the other
land under water between it and the upland, the description,
however, being followed by this clause:

" Saving and reserving out of the hereby granted premises

so much thereof as may form any part of any street or streets, avenue or avenues, that may now or hereafter be assigned, designated or laid out through said premises according to law for the uses and purposes of public streets, avenues and highways as hereinafter mentioned, or which are now in use as such." .

The position of defendant is that by this saving clause there was expressly excepted from the premises described in the grant so much thereof as is spoken of in this record as Exterior street, a strip of land under water, nearly all of which is below low-water mark, having a width of seventy feet. As the premises described in the grant to plaintiff, as well as in that which its predecessor in title obtained from the city in 1870, include the *locus in quo,* upon the trial of this action the plaintiff insisted that in it was vested all the title the city had in 1870, for the reasons, among others :

1. That the legal effect of the clause was not to except the lands within the lines of Exterior street from the lands granted by the description.

2. That Exterior street was never legally laid out, and, hence, the attempted reservation was of something that had never had an existence.

3. That assuming it had been legally laid out as a street, nevertheless the legislature two years before the grant to the city had (by chap. 150 of the Laws of 1868) authorized riparian proprietors on the Harlem river, "instead of building an exterior continuous bulkhead, as now laid out by the harbor commissioners, to erect piers and wharves therein, and to excavate the slips between the same," and, hence, it is claimed the state had changed the public use to which should be put lands under water granted by it to the city of New York, and the authority which the city had thereafter and down to the time of making this grant, to devote Exterior street to other purposes, as permitted by the statute, passed to plaintiff's predecessor in title by the grant from the city.

4. That even if there were a defect in plaintiff's paper title, it had acquired title by adverse possession.

The plaintiff brought this action (under sections 1638 to 1650 of the Code) to determine the claim made by defendant city to this parcel of land seventy feet wide lying along the bulkhead line between One Hundred and Thirteenth and One Hundred and Fourteenth streets.

The result of the trial was adverse to the plaintiff, which appealed to the Appellate Division, and that court unanimously affirmed the judgment.

The effect of that unanimous affirmance has been to deprive this court of the power to examine two very important questions which were argued at this bar. The first is the plaintiff's claim that it had established title by adverse possession. The legal effect of the judgment of the Special Term is to negatively establish that the evidence would not permit a finding that the plaintiff had occupied adversely for such a period of time as would ripen into a title, and the unanimous affirmance prohibits us from looking into the record to inquire whether or not such was the fact. (*Reed* v. *McCord*, 160 N. Y. 330 ; *Consolidated El. Storage Co.* v. *Atlantic Trust Co.*, 161 N. Y. 605.) Whether evidence bearing upon that question was improperly received or rejected may be considered if presented by proper objection and exception. It is claimed that there are such questions, at least one of which will be considered later on. But the claim of plaintiff that it established title by adverse possession cannot be considered by us for the reason given.

The other question, which was stoutly contested by counsel in their arguments before this court, is whether the premises are in fact located upon the Harlem river or upon the East river, the appellant zealously contending that they are located upon the latter river, while the respondent as strenuously insists that they are located on the former. Whether the lands in controversy are located upon one river or the other, was a question of fact which the trial court found adversely to the claim of plaintiff. The findings bearing upon that subject are as follows :

" The premises in dispute consist of a strip of land described

13

in the complaint, running along the river from One Hundred and Thirteenth to One Hundred and Fourteenth street.

"The premises described in the complaint are situated upon the Harlem river.

"The title to the lands under water exterior to low-water mark became vested in the defendant under and pursuant to the provisions of chapter 285 of the Laws of 1852, entitled 'An act to establish a permanent exterior street in the city of New York along the shore of the Harlem river from the East river or sound to the North river.'"

The effect of the unanimous affirmance, therefore, is to establish conclusively the fact that the premises are situated on the Harlem river, and, hence, the argument of counsel based upon the claim, strenuously made, that the premises were in fact situated upon the East river, cannot receive further consideration.

With these facts established, we proceed to state the conclusions reached by us upon such questions as are left open for our consideration. *First*, it is urged that while the legislature by the act of 1852 granted to the city of New York all the right and title of the people of the state to the lands covered by water along the shore of the Harlem river from the East river or sound to the North or Hudson river, extending from low-water mark to and including the exterior line of that which is known in this action as Exterior street, and authorized the mayor, aldermen and commonalty of the city to lay out and fix a permanent street upon such lands, the steps taken by the city to accomplish that result were not in conformity with the statute regulating the laying out of new streets in the city of New York, and, hence, that as no street had been regularly laid out, the language of the reservation or exception clause had nothing upon which to operate. There is still another position of the appellant to which reference should be made in this connection, because the answer which we make to the one contention is equally applicable to the other, and that is that, by chapter 150 of the Laws of 1868, the legislature authorized the owners of adjacent

lands under water to make a different use of the premises known as Exterior street than was contemplated by the act of 1852 and the subsequent proceedings of the municipal authorities thereunder. It is contended that the effect of the permission of the state to the owners of lands under water to make such use of the lands within the lines of Exterior street as, if accepted, would prevent its being used for street purposes, was to take away from it all legal character as a street, even if it be assumed that it had acquired such a character by virtue of the act of 1852 and the proceedings attempted to be had thereunder by the municipal authorities looking to the creation of Exterior street. Without deciding whether, in a case where the state grants lands under water to a municipality for the express purpose of creating a street and none other, that result may be effectuated by taking certain steps specially required by the statute creating the grant without following the requirements of the grantee's charter applicable to the laying out of a new street through the lands of others, we state the conclusion at which we have arrived, viz. : That the saving clause in the grant by the city to the plaintiff's predecessor in title not only admits of, but requires such a construction as renders it a matter of no practical importance whether it was in the first instance legally laid out or not or whether it had a legal existence as a street at the time of the execution of the grant. By this saving clause the city did not undertake to reserve to itself something out of the granted premises which had no existence before, such as rent or an easement, but instead to except from the premises conveyed a portion thereof, which it proposed to use for a specified purpose. It was land under water that it proposed to except out of the lands conveyed, and the representatives of the city, being apparently in doubt as to whether a street had been regularly laid out or not, safeguarded the exception by saving and reserving from the premises granted " so much thereof as may form any part of any street or streets, avenue or avenues, that may now or hereafter be *assigned, designated or laid out* through said premises according to law for the uses and purposes of public.

streets, avenues and highways as hereinafter mentioned, or which are now in use as such." If the saving clause had been limited to streets laid out through the premises, then it would be necessary to inquire whether there was a legal street in existence at the time of the grant; but when the grantor excepted from the lands conveyed so much of the premises as have been " assigned, designated or laid out &ast; &ast; &ast; for the uses and purposes of public streets," the exception covered the premises known as Exterior street, for it had at least been " assigned " and " designated " as a street, if it had not been " laid out " as such " according to law." The lands embraced within the lines of Exterior street were not, therefore, conveyed to the plaintiff's predecessor in title by the grant of 1870. It does not necessarily follow, however, that the plaintiff has not acquired some rights of user in the waters adjoining the lands conveyed and which were annexed to it by the act of 1868, authorizing the construction of piers and wharves and the excavation of slips between them; but that question we do not pass upon, as it is not before the court for determination.

The learned judge at Special Term refused either to consider or decide whether the plaintiff has any easements of any character in the premises by reason of its ownership of the lands granted by the city, his purpose being to assure the safeguarding of the rights of the plaintiff until the time should arrive, if ever, when the question would be of practical importance. It is urged that in taking this position the Special Term erred; but it seems to us not. An action is not maintainable for the purpose of obtaining an adjudication that a plaintiff has easements or rights of any character in the lands of another, and when the conclusion that the plaintiff had failed to prove such facts as would entitle it to maintain an action under the statute, was reached by the court, it was its duty to dismiss the complaint, instead of holding it and attempting to give a kind of relief for which the statute does not authorize the maintenance of an action.

Two exceptions taken by the plaintiff to the refusal of the

court to receive evidence offered, it is claimed call for reversal of the judgment.  The evidence, if relevant and material to the questions of fact decided, should have been received and considered and the contention is sound.  One of the most important questions of fact related to the location of the premises, that is, whether they were located on the Harlem river or on the East river; and the finding by which we are controlled is that they were on the Harlem river.  The plaintiff, in support of its contention that the premises were in fact situated on the East river, offered in evidence various documents, and among others, a map made in pursuance of chapter 15 of the Laws of 1807.  This was received.  But it also offered in evidence certain remarks or statements explanatory of the map, which were made by the commissioner of streets and roads in pursuance of the statute authorizing the making of the map.  These remarks were excluded.  If these remarks in anywise tended to support the plaintiff's claim that these premises were located on the East river, their exclusion was error.  But we have been permitted to examine a copy of the remarks and we are unable to find in them anything whatever bearing one way or the other upon the question of location of the premises.

Upon the question of adverse possession, it is claimed that error was committed by the court in refusing to receive evidence showing that the city had levied taxes and assessments on the premises in controversy since 1883.  It is the settled law in this state that the payment of taxes is no evidence of possession, actual or constructive.  (*Archibald* v. *N. Y. C. & H. R. R. R. Co.*, 157 N. Y. 574, 583.)

The learned counsel for the appellant concedes this to be the rule as between third parties, but insists that the reason for the rule does not exist in this case because the defendant is the party levying the taxes, and hence the rule should be held not to apply.  The difficulty with the argument is that it treats the defendant in its corporate capacity as the party making the assessment through its agents.  But this position is untenable, for assessors are not agents of the town or city,

nor is either responsible for their acts, whether the result of mistake or misfeasance. On the contrary, they are independent public officers, whose duties in no respect concern the strictly corporate interests of the municipality. While it is true that the work of a given number of assessors is confined by statute to a town or city, yet they form a part of the machinery of the state through which is imposed the collection of taxes necessary for the conduct of the affairs of the state. Although the money needed for local municipal purposes is raised by means of the same assessments and, perhaps, at the same time, yet the assessment is also the basis for the collection of the moneys by which the expenses of the state are provided, whether for its expenditures at large or for that of the smaller divisions of the state called counties, which are but agencies of the state for governmental purposes. And so it has been decided by this court many times, beginning very early in its history. (*Lorillard* v. *Town of Monroe*, 11 N. Y. 392; *N. Y. & Brooklyn S. M. & Lumber Co.* v. *City of Brooklyn*, 71 N. Y. 580; *Mayor, etc., of N. Y.* v. *Davenport*, 92 N. Y. 604, 615; *People ex rel. Eckerson* v. *Zundel*, 157 N. Y. 513, 518.) If it could be said that the question and the offer to prove were broad enough to include special assessments, as well as assessments made as a basis for the collection of general taxes, the answer still would be that the board of assessors did not act as the agents or officers of the municipal corporation, but as an independent tribunal deriving its whole authority from the statute. (*Heiser* v. *Mayor, etc., of N. Y.*, 104 N. Y. 68.)

The judgment should be affirmed, with costs.

Bartlett, Haight, Martin, Vann, Landon and Cullen, JJ., concur.

Judgment affirmed.