(85 App. Div. 468.)

### WHITMAN et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. ACTION TO DETERMINE TITLE—RIGHT TO MAINTAIN—POSSESSION.

Where a person has the legal title to land, it is not necessary that he be in actual possession thereof to maintain an action to determine title, under Code Civ. Proc. § 1638, providing that a person who has been in possession for one year may maintain an action to determine adverse claims to such property.

2. DEED—RESERVATION—CERTAINTY—VALIDITY.

A deed by the city of New York, conveying certain land, reserved so much of the premises granted as might form any part of any street or streets that might then or thereafter be "assigned or designated" through such premises. *Held*, that the reservation covered a parcel of land which had been assigned and designated as a street before the grant was made, even though such street had not been legally laid out.

3. SAME—EASEMENT.

The city of New York made a grant of certain land fronting on the East river, and situated between the original high-water mark and the harbor commissioners' line, giving grantee the wharfage rights along the river boundary of the premises, except those at the bulkheads in front of two streets extending to the river, and reserving a street along the bulkhead line between these two streets. *Held*, that the reservation of this street did not also reserve for the city an easement over the premises granted to the end of the piers in front of the two streets.

4. ACTION TO DETERMINE TITLE—DECREE.

In an action to determine the claim of the city of New York to land situated between the original high-water mark and the harbor commissioners' line, on East river, which land had been conveyed by the city, it was improper to insert in the decree that the rights of the grantee's assignees to make improvements on the premises were subject to the regulations of Congress, when the United States government was not a party to the action.

5. SAME.

In an action against the city of New York to determine its right to land situated between the original high-water mark and the harbor commissioners' line, along East river, and conveyed by the city, a decree in favor of plaintiffs should conform with the provisions of Code Civ. Proc. § 1645, by providing that the city be forever barred from all claim to any estate in the property, or to any interest or easement therein, or lien or incumbrance thereon.

Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Nathaniel Whitman and others against the city of New York to determine the title to certain land. Judgment for defendant (78 N. Y. Supp. 820), and plaintiffs appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

Charles E. Hughes, for appellants.
T. Connoly, for respondent.

McLAUGHLIN, J. On the 7th of April, 1869, the mayor, aldermen, and commonalty of the city of New York conveyed to one John L. Brown certain real estate in such city, mostly under water, be-

¶ 1. See Quieting Title, vol. 41, Cent. Dig. § 36.

tween Ninetieth and Ninety-First streets, and the same has since, by mesne conveyances, been acquired by the plaintiffs. The defendant having asserted a claim thereto, or to some portion thereof, this action was brought, under sections 1638 to 1650 of the Code of Civil Procedure, to determine the title. The land conveyed is adjacent to and bounded on the east by the. East river, and the portion to which defendant has asserted a claim of title is bounded northerly by the southerly line of East Ninety-First street as extended to the bulkhead line as established by the harbor commissioners, pursuant to chapter 763, p. 638, of the Laws of 1857; easterly by the said bulkhead line; southerly by the northerly side of East Ninetieth street as extended to said bulkhead line; and westerly by a line drawn parallel with, and distant 70 feet westerly from, said bulkhead line. Its claim of title is based upon the following clause which appears in its deed of conveyance to Brown:

"Saving and reserving out of the hereby granted premises so much thereof as may form a part of any street or streets, avenue or avenues, road or roads, bridge or bridges, that may now or hereafter be assigned or designated through said premises according to law for the uses and purposes of public streets, avenues, or highways as hereinafter mentioned, or which are now in use as such."

Annexed to and made a part of the deed is a map upon which appears a street, 70 feet in width, which extends across the whole width of the lot on the easterly portion thereof and is designated thereon as "Exterior Street." The trial court held, under the clause of the deed above quoted and the map taken in connection therewith, that the defendant excepted from the land conveyed to Brown the title to such portion as lies within the boundaries of Exterior street, and gave judgment accordingly, from which plaintiffs have appealed.

Upon the argument of the appeal the respondent challenged the right of the appellants to maintain the action at all, inasmuch as it did not appear that at the time it was commenced the plaintiffs were in actual possession of the premises referred to. It is not necessary, to maintain an action of this character under section 1638 of the Code of Civil Procedure, that the plaintiffs at the time of its commencement should be in actual possession. If they have the legal title, this is sufficient. Gage v. Kaufman, 133 U. S. 471, 10 Sup. Ct. 406, 33 L. Ed. 725. Possession is presumed to follow the legal title, and, where the land is unoccupied, an allegation in the complaint and proof upon the trial that plaintiffs have the legal title is a sufficient allegation and proof of possession to enable them to maintain an action to remove a cloud upon their title. The authorities cited by the defendant, to the effect that one must be in actual possession in order to maintain the action, are not applicable. Upon examination it is believed that the decisions in those cases were all made prior to 1891, when section 1638 of the Code of Civil Procedure was amended.

This brings us to the consideration of the merits of the appeal; and the real question presented is whether the title to the land which lies within the boundaries of Exterior street as designated upon the map referred to passed by the deed of conveyance to Brown, or

whether it was excepted by the city. The question is not difficult of solution, inasmuch as the legal effect of a clause in a deed of conveyance similar to this was determined in Consolidated Ice Co. v. Mayor, 166 N. Y. 92, 59 N. E. 713. In that case the clause in the deed read:

> "Saving and reserving out of the hereby granted premises so much thereof as may form any part of any street or streets, avenue or avenues, that may now or hereafter be assigned, designated, or laid out through said premises according to law for the uses and purposes of public streets, avenues, and highways as hereinafter mentioned, or which are now in use as such."

And it was held that this clause was sufficient to reserve from the terms of the grant the title to land lying within the boundaries of a street which had been "assigned" and "designated" as such, even though it had not been laid out "according to law." Chief Judge Parker, who delivered the opinion, said:

> "By this saving clause the city did not undertake to reserve to itself something out of the granted premises which had no existence before, * * * but, instead, to except from the premises conveyed a portion thereof which it proposed to use for a specified purpose. It was land under water that it proposed to except out of the lands conveyed, and the representatives of the city, being apparently in doubt as to whether a street had been regularly laid out or not, safeguarded the exception by saving and reserving from the premises granted 'so much thereof as may form any part of any street or streets, avenue or avenues, that may now or hereafter be assigned, designated, or laid out through said premises according to law for the uses and purposes of public streets, avenues, and highways as hereinafter mentioned, or which are now in use as such.' If the saving clause had been limited to streets laid out through the premises, then it would be necessary to inquire whether there was a legal street in existence at the time of the grant; but when the grantor excepted from the lands conveyed so much of the premises as have been 'assigned, designated, or laid out * * * for the uses and purposes of public streets,' the exception covered the premises known as Exterior street; for it had at least been 'assigned' and 'designated' as a street, if it had not been 'laid out' as such 'according to law.' The lands embraced within the lines of Exterior street were not, therefore, conveyed to the plaintiffs' predecessor in title by the grant of 1870."

Here the map attached to and made a part of the deed to Brown established that the city had assigned and designated Exterior street, and therefore it is of no importance to determine whether or not such street had then been legally laid out, as the land embraced within the lines of that street was not conveyed to the plaintiffs' predecessor in title. The trial court so held, and, we think, correctly.

The discussion might well end here, were it not for the fact that the trial court, as appears from the decision, not only passed upon the question already considered, but also held that, under the covenant of the deed by which the title to the land within Exterior street was excepted, there was also "an implied reservation of an easement in favor of the grantor, its successors and assigns, over said premises described in the deed to Brown for a reasonable distance north of the line of Ninetieth street and south of the line of Ninety-First street, respectively, so far as necessary for access by water to the end of said bulkhead, when constructed in front of said streets, respectively, and along said exterior line of said street mentioned in said covenant." There is no such provision in the judgment; and yet, notwithstanding

that fact, inasmuch as the trial court assumed to pass upon the ques-
tion, we think it is proper we should indicate that we do not agree
in the conclusion reached in this respect.  It might well be doubted,
under the decision of the Consolidated Ice Case already referred to,
whether the question as to such easements could be determined in this
action; but, assuming that it could, it seems to us clear that no such
easement was reserved by the city.  The grant to Brown, it will be
observed, is absolute in form, and includes all of the property situate
between the original high-water mark and the harbor commissioners'
line, as established by chapter 763, p. 638, of the Laws of 1857.  It
gave to the grantee all the right which the city had to collect—

"Wharfage, cranage, advantages, or emoluments growing or accruing by or
from that part of the exterior line of the city lying on the easterly side of
the hereby granted premises, fronting on the Harlem river, with full power
to collect and receive the same, for his and their own use and benefit, for-
ever, excepting such wharfage, cranage, advantages, and emoluments to
grow or accrue from the end of the bulkhead in front of Ninetieth and
Ninety-First streets, which shall be, and are hereby, reserved for the said
parties of the first part, their successors and assigns, with full power to
collect and receive the same for their own proper use and benefit."

From this and other language used in the deed it is clear that both
parties contemplated that there should be built, extending along the
river, in front of the premises conveyed, a bulkhead or pier to the ex-
terior line.  It is equally clear that all right to receive wharfage or
cranage was given to the plaintiffs' predecessor in title, and that noth-
ing was reserved by the city in this respect.  All that the city reserved
was the right to collect wharfage, cranage, etc., from the end of the
bulkhead in front of Ninetieth and Ninety-First streets, and to hold
that it had an easement over the premises granted to the plaintiffs to
the end of such piers is, as it seems to us, not only repugnant to, but in
a certain sense destructive of, the grant itself.

The judgment rendered was to the effect that the plaintiffs were en-
titled to improve their own property—that is, all the land described in
the grant to said Brown—with the exception of the 70-foot strip as-
signed and designated as "Exterior Street," subject to the reasonable
and proper regulations of Congress, and to the department of docks
and ferries of the defendant.  This correctly determined the rights
of the parties, but we do not see the propriety of the clause making the
improvements "subject to the reasonable and proper regulations of
Congress."  The United States government was not a party to the
litigation, and, of course, is not bound by the judgment rendered.
Whether the plaintiffs, in improving their property, must do so subject
to regulations by Congress, is a question which is not before us, and
which we do not consider.  However, we think this clause was im-
properly inserted in the judgment, and should be stricken out.

We are also of the opinion that the judgment should have conformed
to the provisions of section 1645 of the Code of Civil Procedure, by
providing that the defendant be forever barred from all claim to any
estate in the property described in the complaint, other than that lying
within the bounds of Exterior street, or to any interest or easement
therein, or lien or incumbrance thereon.  The action was brought for
the purpose of quieting and settling, and determining once for all,

what rights, if any, the defendant had; and, the judgment rendered having determined such rights, the plaintiffs were entitled to have the judgment conform to the provision of the Code cited.

The judgment appealed from, therefore, should be modified as indicated in this opinion, and, as thus modified, affirmed, without costs to either party.

O'BRIEN, INGRAHAM, and HATCH, JJ., concur.

VAN BRUNT, P. J.   I dissent.   I think the judgment should be affirmed.