(89 Misc. Rep. 188)

### SOMERVILLE v. CITY OF NEW YORK.

(Supreme Court, Trial Term, Kings County.    February, 1915.)

**1. NAVIGABLE WATERS** ☞37—LAND UNDER WATER—CONVEYANCES—CONSTRUCTION AND EFFECT.

In a grant made by the town of Gravesend, the land was described as "Beginning at the Atlantic Ocean at the line of division between the lot hereby conveyed and old lot 36 as shown on said map; thence running north along said line of division to Gravesend Bay; thence west along said bay to the line of division between the lot hereby conveyed and old lot 38 as shown on said map; thence south along said line of division to said ocean, thence east along said ocean, three hundred feet more or less to the point of beginning." Twenty-one years later the grantee under such conveyance, obtained from the commissioners of the land office against the remonstrance of the city of New York, successor of the town of Gravesend, a grant of land under water in such bay, fronting on the premises described in the conveyance from the town. *Held*, that since the city as such successor was the owner of the title in fee in the land under the water in the bay, no grant of title in fee in the land outside of the high-water mark passed under the grant from the commissioners of the land office, and that hence, where the claim of plaintiff in an action under Code Civ. Proc., § 1638, to quiet title to land under the water in the bay was based on an allegation of fee ownership in the land beyond high-water mark, the complaint should be dismissed.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 201–226, 285; Dec. Dig. ☞37.]

**2. NAVIGABLE WATERS** ☞37—LAND GRANT—PROPERTY CONVEYED—LAND UNDER WATER.

Such grant from the town of Gravesend, even though for value, did not carry with it the fee to any part of the land under the bay.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 201–226, 285; Dec. Dig. ☞37.]

Action by Louis J. Somerville against the City of New York. Complaint dismissed on motion.

Jas. A. Sheehan and Louis J. Somerville, both of Brooklyn, for plaintiff.

F. L. Polk, Corp. Counsel, of New York City (E. J. Freedman, of New York City, and J. J. Mead, Asst. Corp. Counsel, of Brooklyn), for defendant.

KELLY, J. [1] The plaintiff brings this action under section 1638 of the Code to quiet title to certain premises on the southeast corner of West Twenty-Fourth street and Neptune avenue, on Coney Island. It is not disputed that the land in question is located north of the high-water line of Gravesend Bay as it existed prior to the opening of Neptune avenue; that it was land under water in Gravesend Bay over which the tide regularly ebbed and flowed. In determining the character of the land, for the purpose of construing the patents and grants involved in the controversy between the parties, it would appear that the extent of the ebb and flow, or the depth of the water at high tide, is not material, the legal test being whether the tide ebbed and flowed

over the land itself. People ex rel. Howell v. Jessup, 160 N. Y. 260, 54 N. E. 682. Mr. Justice Crane has recently decided the case of Somerville v. City of New York, 78 Misc. Rep. 203, 137 N. Y. Supp. 919, in which he holds in a careful and well-considered opinion that the fee title to the land under water in Gravesend Bay vested in the former town of Gravesend under the Lovelace patent of 1670 and the Dongan patent of 1686, and, indeed, I never knew that the town's title to the land under water in Sheepshead Bay and Gravesend Bay was questioned until this litigation with the present plaintiff and his brother, Mr. Edward Somerville, in the litigation before Mr. Justice Crane. The insistence by the town upon its title was a matter of common notoriety some years ago in the disputes between the then supervisor, McKane, and the railroads running to Coney Island and the property owners on that island. The Manhattan Beach Improvement Company, owning the eastern end of Coney Island, made application to the state commissioners of the land office for land under water in the bay, which was so vigorously combatted by the town authorities upon the ground that the town of Gravesend, and not the state of New York, owned the land under water that the state board, under the advice of Judge O'Brien, then Attorney General, simply granted a quitclaim, holding in effect that the town's claim of title was sound.

In the case at bar Mr. Somerville claims under a grant made by the town of Gravesend to the Children's Aid Society, dated May 1, 1885, by which a tract of land was conveyed, bounded by the Atlantic Ocean on the south and Gravesend Bay on the north, the courses and the description contained in the grant running as follows:

"Beginning at the Atlantic Ocean at the line of division between the lot hereby conveyed and old lot 36 as shown on said map; thence running north along said line of division to Gravesend Bay; thence west along said bay to the line of division between the lot hereby conveyed and old lot 38 as shown on said map; thence south along said line of division to said ocean; thence east along said ocean, three hundred feet more or less to the point of beginning. Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining and the reversion and reversions, remainder and remainders, rents, issues and profits thereof."

Later, in 1906, the Children's Aid Society applied for and obtained a grant of the land under water in Gravesend Bay, from the commissioners of the land office of the state of New York, and against the remonstrance of the defendant, the city of New York, fronting the premises described in the grant from the town of Gravesend, which grant of land under water includes the lots which are the subject of this litigation. The city insisted that it was the owner of the land under water under the colonial patents above referred to. I must hold with Mr. Justice Crane, in the former case, that the fee title to the land under water in Gravesend Bay is vested in the city of New York as the successor of the town, and that this grant by the commissioners of the land office did not vest the fee title to the premises in the Children's Aid Society.

This, it seems to me, and as I indicated at the trial, necessitates a dismissal of the plaintiff's complaint, because the plaintiff's claim here

is based upon his allegation of fee ownership in the land beyond high-water mark. We are not concerned with interference with his riparian rights as owner of the upland, to access to the bay, or to easements appurtenant to ownership of lands on tide water. Consolidated Ice Co. v. City of New York, 166 N. Y. 92, 59 N. E. 713. This is not his complaint. He says he is the fee owner. If I am wrong as to the ownership of the land under water in the bay by the defendant, then I am free to say that plaintiff's claim under the letters patent issued by the state to the land under water as land, coupled with the construction of Neptune avenue outside high-water mark, appears to bring him within the decisions in Bardes v. Herman, 62 Misc. Rep. 428, 114 N. Y. Supp. 1098; Id., 144 App. Div. 772, 129 N. Y. Supp. 723, affirmed on opinion of Burr, J., 207 N. Y. 745, 101 N. E. 1094; People v. D. & H. Co., 213 N. Y. 194, 107 N. E. 506. But there is no grant of the *fee* to plaintiff or his predecessors in title in the land outside high-water mark other than this grant by the commissioners of the land office.

If we concede that when the town of Gravesend granted the upland to the Children's Aid Society in 1886, with Gravesend Bay as the north boundary, the grantee became possessed of the right of access to the tidewater and the use of the foreshore to get to and from the upland, and that the right could not be taken from him by the city constructing Neptune avenue between the shore and tidewater without compensation (Langdon v. Mayor, 93 N. Y. 129), the trespass on his rights, if there was a trespass, did not vest him with fee title to the land under water south of the avenue. Fee titles can only be created by grant, conveyance, devise, or inheritance; they do not spring into being through an entirely independent transaction, in this case a trespass if plaintiff is right. If plaintiff already had the fee to the land under water subject to the jus publicum, the creation of a new shore line by the erection of the avenue might ripen his limited ownership into a full title. This was the decision in Bardes' v. Herman, supra, but his title would revert back to the grant for foundation. I think it is idle for plaintiff to contend that the description in the grant from the town to the Children's Aid Society in 1886 included the locus in quo. Presumably the Children's Aid Society did not think so when they applied to the state for a grant of the land under water. An examination of the Kowalski map, referred to in the description, clearly shows, in my opinion, that the grantee's title ended at the south shore of Gravesend Bay: First, because it is expressly bounded by the shore, tidewater; secondly, if plaintiff's rather strained argument that it ran across "mean high-water line" shown on the map, and northerly across the bay to the north shore, it would end, not on Gravesend Bay, but on Coney Island creek. The circumstance that a point of land across the bay bears the same color as the lot of land south of the bay does not help the claim of title. Lot 37, as shown on the Kowalski map and described in the grant from the town, ends at the south shore of the bay.

[2] In a grant such as this by the town to a private citizen, even though it be for value, I cannot agree with the learned counsel for the plaintiff that it carried the fee to any part of the water under the bay. Matter of Mayor, 182 N. Y. 361, 75 N. E. 156; Sage v. Mayor, 154

N. Y. 61, 47 N. E. 1096, 38 L. R. A. 606, 61 Am. St. Rep. 592. This is not the case of nontidal water or land abutting a highway. The town of Gravesend was a municipal corporation, vested with governmental supervision and control under the patents (People ex rel. Howell v. Jessup, supra; Furey v. Town of Gravesend, 37 Hun, 644, affirmed 104 N. Y. 405, 10 N. E. 698), and I doubt whether control of the tidewater could pass to the Children's Aid Society, and besides what would be the limit of any such implied grant on the facts here? How far out would the line go? I doubt whether any such construction of the grant from the town was ever thought of prior to this series of litigations.

It is no answer to say that the depth of the water was not sufficient to make the public right important, or that a road ran across the foreshore traveled at low tide. The public right in this foreshore is one of the most ancient rights, and of recent years its importance to the public as a whole is becoming more apparent in this vicinity. I think the fee grant to the Children's Aid Society stopped at high-water mark, and that plaintiff shows no fee title entitling him to maintain this suit.

The motion to dismiss the complaint is therefore granted.

Motion granted.