SADIE MUNTER, Plaintiff, *v.* MORRIS KOBRE et al., Defendants.

(Supreme Court, Kings Special Term, May, 1919.)

Licenses — parol — when revocable — easements — mortgages — foreclosure.

.A parol license to do an act on the land of another even though intended to confer a continuing right, upon the faith of which the licensee has expended money, is revocable.

Defendant having become the owner of Nos. 81, 83 and 85 Grand street, Brooklyn, N. Y., sold No. 83, which he had purchased from plaintiff giving back a purchase money mortgage, to his brother, who in remodeling it for a banking house tore down the wall and inserted the beams of his new building into the wall of No. 85, which was wholly within the lines of that property. Before the completion of the work the state banking department took over the business of defendant's brother and plaintiff was compelled to foreclose said mortgage and bought the property in at the sale. *Held*, that an action to have it decreed that she had an easement to have the beams of her building supported by the wall of No. 85 was not maintainable and that the complaint should be dismissed.

ACTION to establish an easement.

Arthur L. Davis (Samuel A. Telsey, of counsel), for plaintiff.

Samuel Widder, for defendants.

VAN SICLEN, J. The defendant Morris Kobre acquired the ownership of the three premises known as 81, 83 and 85 Grand street, Brooklyn, and then sold No. 83 to his brother Max, who purchased same with the building thereon for the purpose of remodeling the building and using it as a banking house. He purchased No. 83 from the plaintiff and gave back a purchase money mortgage. It appears that in remodeling the building, Max Kobre tore down the wall of his building thus acquired and inserted the beams of his new or remodeled structure in the wall of Morris Kobre's building at 85 Grand street, using same as the support thereof. It may be assumed that he did this with the latter's knowledge and acquiescence although there is no proof that he actively consented to same. This wall was situated wholly within the lines of No. 85. He also rebuilt the chimney for his new structure some distance over the line of the premises at No. 81.

Before the work was completed Max Kobre's business was taken over by the state banking department and eventually the plaintiff was compelled to foreclose her mortgage on No. 83 and buy it in at the sale. After the plaintiff had thus acquired the title to No. 83 she discovered that the beams of her building rested in and on the wall of Morris Kobre's building at No. 85 for support and that they had no support except that. She now brings this action to have it decreed that she has an easement to have the beams of her building supported by Morris Kobre's wall on premises at No. 85. In other words, the plaintiff claims that Max Kobre had a license from his brother Morris Kobre to have his beams supported by the latter's wall, which when executed became irrevocable, and to keep and maintain his chimney on the premises at No. 81 likewise. There is no claim that there was any contract on the part of the defendant to grant this right. The claim is that the license to enter upon the defendant's land when acted upon by the plaintiff's predecessor conferred upon him a right in equity in the nature of an easement to maintain his beams on the defendant's wall.

In respect of the principles involved, therefore, the case is analogous to *Crosdale* v. *Lanigan,* 129 N. Y. 604, although the facts in that case were stronger in plaintiff's favor than they are here. And it seems to this court that that decision is controlling on the case at bar and precludes any relief for the plaintiff. The court said:

" If this claim is well founded, there has been created, without deed and in violation of the Statute of Frauds, an interest in the plaintiff and his assigns in the land of the defendant, impairing the absolute title which he theretofore enjoyed, and subjecting his land to a servitude in favor of the adjacent property. It is quite immaterial in result that this interest claimed,

if it exists, is equitable and not legal. An incumbrance has been created upon the defendant's lot, and his ownership, to the extent of such interest, has been divested.

" We are of opinion that this judgment is opposed to the rule of law established in this state. There has been much contrariety of decision in the courts of different states and jurisdictions. But the courts in this state have upheld with great steadiness the general rule that a parol license to do an act on the land of the licensor, while it justifies anything done by the licensee before revocation, is, nevertheless, revocable at the option of the licensor, and this, although the intention was to confer a continuing right and money had been expended by the licensee upon the faith of the license. This is plainly the rule of the statute. It is also, we believe, the rule required by public policy. It prevents the burdening of lands with restrictions founded upon oral agreements, easily misunderstood. It gives security and certainty to titles, which are most important to be preserved against defects and qualifications not founded upon solemn instruments."

It appears also in the case at bar that the premises at No. 85 were subject to a mortgage held by the defendant Dime Savings Bank, and the plaintiff concedes that no judgment affecting its rights can be rendered here.

The defendant Morris Kobre has counterclaimed for damages by reason of the so-called trespass or entering upon his land, but his claim is likewise untenable because as stated above from *Crosdale* v. *Lanigan,* the " parol license to do an act upon the land of the licensor * * * justifies anything done by the licensee before revocation * * *." It may be that the licensor could revoke the license and thus require the plaintiff to create a support for the beams on her

own land under penalty of becoming a trespasser and liable for damages upon failure to do so.

The defendant also insists that plaintiff is precluded from the relief sought by reason of the form of action brought. He cites in support of his contention *Consolidated Ice Co.* v. *City of New York,* 166 N. Y. 92, where it was stated (p. 100) : ''An action is not maintainable for the purpose of obtaining an adjudication that a plaintiff has easements or rights of any character in the lands of another, and when the conclusion that the plaintiff had failed to prove such facts as would entitle it to maintain an action under the statute was reached by the court, it was its duty to dismiss the complaint, instead of holding it and attempting to give a kind of relief for which the statute does not authorize the maintenance of an action.''

It would seem that the contention is well founded, although it is not necessary to resolve this case on such a narrow ground. It is clear enough that although plaintiff's appeal is distinctly to equity yet equity applied in the broad rather than the limited sense precludes any relief. And although plaintiff asks that equity be invoked only against the defendant Kobre yet the court cannot find either among the cases cited or elsewhere any authority for the relief sought. The plaintiff herself concedes that no relief could be granted against the mortgagee of premises at No. 85 whose mortgage was placed before the change in the wall took place.

The conclusion of the court is, therefore, that the complaint and counterclaim must be dismissed but without costs.

Judgment accordingly.