EMIL J. STEHLI, Appellant, v. TOWN OF OYSTER BAY, Respondent.

Second Department, April 28, 1922.

Trial — action to determine claim to real property — order directing issues of res judicata and possession to be tried separately — trial of issue of res judicata alone waives right to separate trial of issue of possession — issue of possession ought not to be tried separately.

Where, in an action to determine a claim to real property, an order is made directing the trial of the issues of *res judicata* and possession before the trial of the other issues, but only the issue of *res judicata* is tried under said order, and on appeal from the judgment in favor of the defendant dismissing the complaint upon the merits the judgment is reversed and it is directed that the case shall stand for trial upon the pleadings, the defendant is not entitled to a separate trial of the issue of possession, for by failing to move the trial of that issue at the time of the trial of the issue of *res judicata*, he will be deemed to have waived his right to a separate trial thereof.

Furthermore, *it seems*, that the issue of possession should not be tried separately, for if the plaintiff claims a constructive possession the trial of the issue of title is involved in that of possession, and so a separate trial of that issue might involve the main issue of title.

JAYCOX, J., dissents.

APPEAL by the plaintiff, Emil J. Stehli, from an order of the Supreme Court, made at the Nassau Special Term and entered in the office of the clerk of the county of Nassau on the 10th day of March, 1922, restoring the case to the March calendar and reserving the question whether the defendant is entitled to a separate trial of the issue of possession.

*Nathan Ottinger* [*Charles S. Whitman* and *David C. Bennett, Jr.*, with him on the brief], for the appellant.

*Henry A. Uterhart,* for the respondent.

BLACKMAR, P. J.:

The action was brought under section 1638 *et seq.* of the Code of Civil Procedure.*  The complaint alleged that the plaintiff was the

---

* Now Real Prop. Law, § 500 *et seq.*, as added by Laws of 1920, chap. 930.— [REP.

owner and had been for a year in possession of a certain parcel of real property therein described; that the defendant unjustly claimed an interest or estate therein adverse to that of the plaintiff; and the judgment demanded that defendant be barred from all claim to and estate in the property, and that it be enjoined from entering upon or interfering with plaintiff's possession. The answer denied plaintiff's title and possession. It pleaded a defense of prior adjudication, and also pleaded that title to the property was in the defendant.

On the 5th day of December, 1918, an order was made at Special Term directing that the issues of *res adjudicata* and of possession be tried before the trial of the other issues, and stating a question of fact on the issue of possession to be submitted to the jury. On the 16th of February, 1920, the defendant, at Special Term, moved the trial of the issue of *res adjudicata*. The plaintiff acquiesced in the trial of that issue separately, and upon such trial the court rendered judgment in favor of the defendant, dismissing the complaint of the plaintiff upon the merits. Upon an appeal, taken to this court, the judgment was reversed. (See 199 App. Div. 940.) The order of reversal directed that the case should stand for trial upon the pleadings.

The real question submitted to us upon this appeal is whether the defendant is entitled to a trial of the separate issue of possession before the trial of the other issues in the case. No appeal was taken from the order directing a separate trial of the issues of *res adjudicata* and possession and the claim of the defendant is that the order still is effective and that it is entitled to a separate trial of the issue of possession. The claim of the plaintiff is that the right to the trial of such issue was lost and that under the order of this court the case should be tried upon the pleadings as they stand. The order of December 5, 1918, made at Special Term, did not direct that the defendant was entitled to two separate trials before the trial of the main issue, namely, one upon the issue of *res adjudicata* and another upon the issue of possession. The order directed a separate trial upon the issues of *res adjudicata* and possession. When the parties, by consent, went to trial upon the issue of *res adjudicata*, without also moving the trial of the issue of possession, we think a separate trial of the issue of possession was waived. This court, therefore, directed that the case should stand for trial upon the pleadings, and we think this is the proper disposition to be made. The issue of possession may turn on the actual physical possession, or, in the case of vacant lands, upon constructive possession which follows the title to the land. (*Whitman* v. *City of New York*, 85 App. Div. 468.) If the plaintiff

claims a constructive possession, the trial of the issue of title is involved in that of possession. A separate trial of that issue might, therefore, involve the main issue of title. For this reason we think it better that there should be no separate trial of the issue of possession. (*Smith* v. *Western Pacific Railway Co.*, 144 App. Div. 180.)

We, therefore, reverse the order, without costs, and direct that the case be tried upon the pleadings as they stand without a separate trial of the issue of possession.

RICH, MANNING and KELBY, JJ., concur; JAYCOX, J., dissents.

Order reversed on the law, without costs, and it is ordered that the case be tried upon the pleadings as they stand without a separate trial as to the issue of possession.