THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* NEW YORK TRANSIT AND TERMINAL COMPANY, LIMITED, et al., Defendants. (Action No. 1.)

Supreme Court, Richmond County, May, 1922.

Navigable waters — action to set aside letters patent to lands under water — failure to show fraud — mistake of law by former state officers — limitation of action — possession by grantee for over forty years — when verdict directed for defendants.

In deeds of conveyance from Van D. to S. of lands " fronting on the bay of Hudson's river " they were described as bounded in front " by the public highway." Between said lands and the high-water mark there was a strip to which S. and his predecessors had only a perpetual easement of use for their own purposes, the right to maintain a public ferry being expressly excluded. After the death of Van D. the representatives of his estate made application for a grant of land under water in front of the Van D. property, but expressly excepting from such application the lands under water in front of the S. premises and the letters patent were so granted. In 1823, when letters patent were issued to S. for a grant of land under water in front of the strip of land to which he did not own the fee, a statute then in force (Laws of 1815, chap. 199) declared that

no such grant should be made to any other than the "proprietor" of the adjacent lands. Upon granting a motion for the direction of a verdict in favor of defendant in an action to set aside the letters patent issued in 1823, *held*, that the acts of the representatives of the Van D. estate in making their application did not strengthen the title of S.; he still held only an easement.

The facts in respect to what title S. had having been fully set forth before the commissioners of the land office and the then attorney-general who was one of the commissioners having had the same information with reference to the title as the present attorney-general who seeks to maintain this action ninety-eight years after the issuance of the letters patent to S. it must be held that there was but an error of law or mistake of law on the part of the state's officers.

The limitation of forty years fixed by section 362 of the Code of Civil Procedure was a complete bar to the action to revoke the letters patent on the ground of fraud.

The issuance of the letters patent to S. in 1823 was at best only voidable and under section 368 of the Code of Civil Procedure the premises are presumed to have been in his possession within the time required by law.

Letters patent were issued by the state in 1898 upon an application by defendant setting forth that it was the owner and in possession of the property comprised in the S. patent as well as of other lands and patents along that shore. *Held*, that there was an acquiescence in and recognition by the state of the claim of title based upon the patent issued to S. in 1823.

SUIT to set aside letters patent to certain land under water.

*Charles D. Newton*, attorney-general (*Charles D. Parsons*, of counsel), for plaintiff.

*Cravath, Henderson, Leffingwell & de Gersdorff* (*A. S. Gilbert* and *R. E. T. Riggs*, of counsel), for defendant New York Transit and Terminal Co., Ltd.

*Stetson, Jennings & Russell* (*T. W. Morris*, of counsel), for defendant Guaranty Trust Company.

LEWIS, J. This is an action brought by the attorney-general in the name of the People of the State of New York to set aside letters patent issued in 1823 to James Swan, upon the ground that the patentee was not the owner of the lands adjacent to the land under water comprised in the letters patent at the time of their issuance.

It appears that Swan held his lands under title derived from one Van Duzer. While the deeds speak of the lands as "fronting on the bay of Hudson's river," they are also described as being bounded in front "by the public highway," and the fact is that there was a strip between the lots conveyed and the high-water mark which did not pass by the deed and to which Swan (and his predecessors) had only a perpetual easement of use for his own purposes and expressly excluding the right to maintain a public ferry. Van Duzer died in 1814, which was after the lots held by Swan had passed from him, and about 1816 the representatives of Van Duzer's estate applied to the commissioners of the land office for a grant of land under water in front of the Van Duzer property, but expressly

excepting from the application the lands under water in front of the Swan premises, and the letters patent were so granted.

The principal questions presented are these:

(1) Was Swan in 1823 entitled to apply for a grant of land under water in front of the strip of land in which he did not then own the fee, but held merely an easement?

(2) Did the acts of the Van Duzer estate representatives in applying for and obtaining the grant of land under water in front of the adjoining premises in 1816 constitute a transfer of title to the beach strip, by estoppel or disclaimer, so as to entitle Swan to apply for the grant in question?

(3) Have the rights of the state been barred or forfeited by reason of section 362 of the Code of Civil Procedure?

Chapter 199 of the Laws of 1815, in force at the time, provided that no grant shall be made to any other than " the proprietor " of the adjacent lands. *People ex rel. Banks* v. *Colgate,* 67 N. Y. 512, is decisive of the proposition that an easement over land does not create an estate in the land, and that the one holding such easement is not the proprietor of the lands. The acts of the representatives of the Van Duzer estate in applying for the grant of the lands adjoining did not operate to strengthen Swan's title; he still held only an easement.

But an action such as the present is, according to section 1957 of the Code of Civil Procedure, maintainable where the letters patent were obtained by means of fraudulent suggestion or concealment of a material fact, or where issued in ignorance of a material fact, or through mistake. The mistake contemplated is undoubtedly a mistake of fact. The actual facts in respect to what title Swan had were by him fully set before the commissioners of the land office, and the then attorney-general, who was one of the commissioners, had the same information with reference to the title as the present attorney-general who seeks to maintain this action ninety-eight years thereafter. There was but an error of law or mistake of law on the part of the state's officers, and the action is not maintainable under the section referred to.

Furthermore, the Statute of Limitations is a complete bar to the maintenance of the action. At the time of the issuance of the grants in 1863, chapter 183 of the Laws of 1801 was in force, with which section 362 of the Code of Civil Procedure is substantially identical, and fixed a limitation of forty years; and *People* v. *Clarke,* 9 N. Y. 349, establishes that such period is a complete bar to an action by the state to revoke letters patent on the ground of fraud. The attorney-general, however, cites *Hamlin* v. *People,* 155 App. Div. 680, and *People* v. *Baldwin,* 197 id. 285, to the contrary.

These cases hold no more than that title cannot arise against the state by adverse possession only, and in the *Baldwin* case the court recognized the distinction between lands held by the state as sovereign, which may not be alienated, and lands held by it as proprietor, which may be, and that as to the latter a statute of limitations may operate as a bar. Lands under water are alienable. *People* v. *American Sugar Refining Co.*, 98 Misc. Rep. 703, 706.

It is also claimed that section 362 of the Code of Civil Procedure is inapplicable, because there were no acts of possession by defendant until forty years preceding the beginning of this action, and that a period of limitation against the state does not begin to run from the date of the alleged void act, but from the date when the defendant first asserted rights under it. Section 368 of the Code provides that a person who establishes a legal title to the premises is presumed to have been possessed thereof within the time required by law. See, also, *Whitman* v. *City of New York*, 85 App. Div. 468. The issuance of the letters patent to Swan in 1823 was, at best, only voidable, and, under the section of the Code and the authority cited, the premises are presumed to have been in possession of Swan.

Finally, it appears that in 1898 the state issued letters patent to the defendant New York Transit and Terminal Company in compliance with an application by that company, wherein it was set forth that it was the owner and in possession of the property comprised in the Swan patent, as well as of other lands and patents along that shore. This was an acquiescence and a recognition of the claim of title based upon the patent issued to Swan. *People* v. *Brooklyn Union Gas Co.* and *Brooklyn Edison Co.*, N. Y. L. J. Aug. 27, 1920.

For the foregoing reasons, the motion for the direction of a verdict for the defendants is granted.

Ordered accordingly.