Denio, J.,
 

 delivered the opinion of the court. If this action can be maintained, it will be, by assuming that the town is a corporate body, that the assessment and collection of taxes is a corporate act, and that the assessors and collectors of taxes, when performing them duties as such, are to be regarded as the servants and agents of the town as a corporation, and by applying to these premises the maxim of the common law that the master, or principal, is responsible for the acts of those he employs or appoints, while they are acting within the scope of their employment.
 

 The several towns in this state are corporations for certain special and very limited purposes, or to speak more accurately, they ' have a certain limited corporate capacity. They may purchase and
 
 *386
 
 hold lands within their own limits for the use of their inhabitants. They may as a corporation make such contracts and hold such personal property as may be necessary to the exercise of their corporate or administrative powers, and they may regulate -and manage their corporate property, and as a necessary incident may sue and be sued, where the assertion of their corporate rights, or -the enforcement against them of their corporate liabilities shall require such proceedings. (1
 
 R. S.
 
 337, § 1
 
 and seq.) In
 
 all other respects ; for instance, in every thing which concerns the administration of civil or criminal justice, the preservation of the public health and morals, the conservation of highways, roads and bridges, the relief of the poor, and the assessment and collection of taxes, the several towns are political divisions, organized for the convenient exercise of portions of the political power of the state ; and are no inore corporations than the judicial, or the senate and assembly districts.
 
 (Id.
 
 § 2.) The functions and the duties of the several town officers respecting these subjects are judicial and administrative, and not in any sense corporate functions or duties. The imposition and collection of the public burthens is an essential and important part of the political government of the state, and it is committed in part to the agency of officers appointed by the local divisions called towns, and in part to the officers of the counties, upon reasons of economy and convenience; and the official machinery which is organized within the towns and counties is public in the same sense as is that part of the same system which is managed by the state officers residing at the seat of government, and whose operations embrace the whole state. It is a convenient arrangement to have the assessors chosen by the electors of the-towns within which they are to perform their duties, for the reason that the people of these small territorial divisions will be most likely to know the qualifications of those from among whom the selection is to be made. When chosen, they are public officers, as truly as the highest official functionaries in the state. Their duties in no respect concern the strictly corporate interests of the towns, such as their common lands and their corporate personal proper
 
 *387
 
 ty, or the contracts which as corporations they are permitted to make, nor are their duties limited to their effects on the towns as political bodies. The description and valuation of property for the purposes of taxation, which they are required to make, form the basis upon which the state and county taxes are imposed; and although money is raised by the same arrangement to be expended within the towns, the purposes for which it is to be employed are as much public as are those for which the state and county taxes are expended. I am of opinion, therefore, that the assessors and collectors of taxes are independent public officers, whose duties are prescribed by law, and that they are not in any legal sense the servants or agents of the towns, and that the towns as corporations are not responsible for any default or malfeasance in the performance of their duties.
 

 It is not alleged in the complaint, and was not proved on the trial, that any part of the money which-was collected from the plaintiffs was paid to the town, or into its treasury, nor could such an allegation be true consistently with the legal provisions on the subject of taxation. The collector is directed by his warrant to pay separate portions of the money to the supervisor, commissioners of highways, superintendent of common schools and overseers of the poor, and the residue to the county treasurer.
 
 (Id. p.
 
 396, § 37.) The town, as such, has no treasury, and the town officers who are thus to receive and disburse this money, are coordinate with the assessors and collectors, holding their offices by the same mode of appointment, and regulated by the same public law.
 

 We have not been referred to any authority where a similar action has ever been sustained in this state. In the case of
 
 Preston
 
 v.
 
 The City of
 
 Boston, (12
 
 Pick.
 
 7,) the tax which the plaintiff had been illegally compelled to pay, was paid by him to the treasurer-of the city of Boston, and the action was for money had and received to the plaintiff’s use. The city corporation, as such, had received the plaintiff’s money, which was an essential feature, which is wanting in this case. Besides, that was the case of a city having full corporate powers, the offi
 
 *388
 
 cers concerned in imposing and collecting the tax, being corporate officers. In this case, the duty which is alleged to have been erroneously and illegally performed, was imposed upon the assessors and collectors, by a public statute, and not in any sense by the town. In
 
 Martin
 
 v.
 
 The Mayor &c. of Brooklyn,
 
 (1
 
 Hill,
 
 545,) the rule was laid down by the late Justice Cowen, that even a municipal corporation was not liable for the misfeasance or nonperformance of one of its officers in respect to a duty imposed by the statute upon such officer, though it was conceded that if the duty had been imposed upon the corporation, as in the case of streets and sewers, which the corporate body was bound to repair, the rule would have been otherwise. It was upon the principle last referred to that the cases of
 
 Delmonico
 
 v.
 
 The city of New-York,
 
 (1
 
 Sandf. Sup. C. R.
 
 222,) and the
 
 Mayor &c.
 
 v.
 
 Furze,
 
 (3
 
 Hill,
 
 612,) were decided. Even where a person sustains an injury by means of the neglect of an officer of a municipal corporation to execute an ordinance of the corporation according to his duty, the corporate body is not liable to an action.
 
 (Levy
 
 v.
 
 The Mayor &c. of the City of New- York, 1 Sandf. S. C. R. 465; Griffin
 
 v.
 
 The Same, MS. Court of Appeals, March
 
 term, 1854.)
 
 A fortiori
 
 where the duty which has been violated was imposed by a public law of the state, the corporation, though it had the appointment of the officer, would not be liable. The judgment should be affirmed.
 

 Judgment affirmed.