# THE NEW YORK AND BROOKLYN SAW–MILL AND LUMBER COMPANY, APPELLANT, *v.* THE CITY OF BROOKLYN, RESPONDENT.

*Duties imposed on municipal officers — when not in the interest or prescribed by the charter of the municipality — corporation not liable for failure or refusal of its officers to perform.*

A municipal corporation is not liable in damages to a private party, for the failure or refusal of any of its officers to perform a duty, not pertaining to the interests or franchises of the corporation, nor arising under the charter thereof, but imposed upon such officers by a special act of the legislature, in relation to an improvement instituted by the State for the private benefit of a locality, and not for that of the people of the city at large.

Such a duty is not imposed upon the corporation, nor are such officers called upon to act in their corporate capacity.

For the purposes of such an act they become the public and administrative officers or agents of the State, and they act or refuse to act for the State and the locality to be benefited, and not for the city.

APPEAL from an order made at a Special Term sustaining a demurrer to a complaint, that it did not state facts sufficient to constitute a cause of action.

The plaintiff is the owner of lands adjacent to the Gowanus canal, in the city of Brooklyn, which canal is a short inlet of Gowanus bay lying in a *cul de sac*, and fronted upon either side by private property, except where it is crossed by the numerous streets of said city. It is not a source of any public revenue, nor is it a highway for any purpose other than those of the private dock-holders upon its sides. In 1866 an act (chap. 678, Laws of 1866), was passed for the improvement of that canal. By that act the commissioners named in it were directed to cause docks to be built on the sides of the canal, and the canal itself to be deepened. The expense of this work was to be met, in the first instance, by the issue of the bonds of the city, and the city to be reimbursed by an assessment upon the adjacent private property which it benefited. In pursuance of this act, docks were erected by the commissioners on plaintiff's land. From defective construction these docks sunk. In 1871 another act (chap. 839) was passed directing an assess-

ment to be levied for this work, and also directing the common council to cause the sunken docks to be rebuilt at the expense of the city. The second and third sections of the act are as follows :

The common council of the city of Brooklyn are hereby authorized and directed to cause to be repaired or rebuilt, at the expense of said city, the docks on the sides of the Gowanus canal, constructed by the said commissioners, where the same have sunk or become unfit for use. The amount necessary to rebuild such docks shall be raised by the issue of certificates of indebtedness, and there shall be levied and collected, in the same manner as other taxes in the city of Brooklyn are, and be paid in, in the year one thousand eight hundred and seventy-two, such sum as may be necessary to pay the said certificates of indebtedness, and such sum, when collected, shall be applied to the payment of said certificates.

The plaintiffs repeatedly demanded that defendant should rebuild the docks on plaintiff's land, in accordance with the provisions of the last named act. The defendant and its common council failed and refused to build the docks, and the plaintiff sued for damages on account of such failure.

A demurrer was interposed to the complaint therein that the complaint did not state facts sufficient to constitute a cause of action, and the same appeared on the face thereof. An order was made sustaining the demurrer, from which plaintiff appealed.

*Edgar M. Cullen*, for the appellant.

*Wm. C. De Witt*, for the respondents.

GILBERT, J. :

The liability of a municipal corporation to a person who has sustained damages by reason of a negligent omission of the corporation to perform a ministerial duty imposed by law upon it, cannot be doubted. But we think the duty of repairing the docks of the Gowanus canal was not imposed on the city of Brooklyn, but on the common council of that city. Such is the language of the statute. (Laws 1871, chap. 839.) That is an independent statute and forms no part of the general distribution of powers or duties among the different branches of the city government. Nor

is it averred that the corporation has, in any way, assumed the performance of the duty thereby imposed. The name of the corporation when that statute was passed was, and still is, "The City of Brooklyn." If the legislature had intended to impose the duty upon the corporation they would have used the corporate name. The common council are, it is true, the agents of the corporation. They may, nevertheless, be charged by the legislature with the performance of public duties for the benefit of the people of the State which do not pertain exclusively to the affairs of the corporation; and in such a case they should be treated as agents of the State and not of the corporation. As a corporation can act only through agents duly elected or appointed, pursuant to the Constitution and the act of incorporation, the legislature may prescribe the powers and duties of such agents and the corporation will be liable for their acts and omissions unless exempted from such liability by statute. Although their authority emanates directly from the legislature they are agents of the corporation. They represent the corporation, and powers and duties with which they may be clothed by the act of incorporation are, in judgment of law, corporate powers and duties. That is the principle of the case of *Conrad* v. *Trustees of Ithaca*, referred to in 16 New York, 158, and other kindred cases.

In the case before us, however, the repairing of the docks in question was not a duty imposed on the corporation by the charter thereof, nor was it enumerated among those thereby imposed upon any of its agents. It originated in the act of 1871. Commissioners who had previously been intrusted by the legislature with the building of the docks were superseded by that act, and the common council were appointed in their place to repair the same docks which had sunk. That work was directed to be done merely to perfect the improvement undertaken by the commissioners. That improvement was strictly a local one for the benefit of adjoining proprietors. A construction of a statute which imposes on the defendant such a liability as is claimed in this case ought to be very palpable before it is adopted. We think the most reasonable construction is that the duty and consequent liability were imposed on the common council, as commissioners only, and not as agents of the corporation. Upon principle therefore as well as upon the

authority of the cases cited below we think the corporation is not liable for their acts or omissions in respect to the duty so imposed. (*Lorillard* v. *Town of Monroe*, 11 N. Y., 392, and cases cited therein ; *Russell* v. *The Mayor*, 2 Den., 464 ; *Martin* v. *Brooklyn*, 1 Hill, 545 ; *King* v. *Same*, 42 Barb., 627 ; see, also, Dillon on Mun. Cor., §§ 772–778 ; *Maxmilian* v. *The Mayor*, 2 Hun, 263.)

The order appealed from should therefore be affirmed, with costs.

BARNARD, P. J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order sustaining demurrer affirmed with costs, with leave to amend.