AARON A. DeGRAUW, PLAINTIFF, *v.* THE BOARD OF SUPERVISORS OF QUEENS COUNTY, DEFENDANT.

*Liability of county, for negligence of county treasurer.*

In the year 1875 the plaintiff purchased certain lots of land in the town of Jamaica at a sale, for non-payment of taxes, held by the county treasurer of Queens county, in pursuance of chapter 135 of 1873, and received certificates therefor. The county treasurer failed to serve the notices of redemption upon the owners and mortgagees, as required by the act. After the time for redemp-

tion had expired, the plaintiff, his certificates not having been redeemed, tendered them back to the county treasurer and demanded his money, on the ground that the failure of the county treasurer to serve the notices rendered the certificates void.

In an action by him to recover said amount from the county, *held,* that the county was not liable for any loss or damage which might have occurred by reason of the default or negligence of the county treasurer in the discharge of the duties of his office.

That the relation of master and servant did not exist between the county and its county treasurer.

That in conducting the said sale the county treasurer was not in any sense acting on behalf of the county, but was simply discharging certain duties in relation to the unpaid taxes of the town of Jamaica, imposed upon him by the law under which the sale was had.

CONTROVERSY submitted upon an agreed statement of facts.

On the 12th day of April, 1875, George W. Bergen, as county treasurer of Queens county, sold to the plaintiff, for non-payment of taxes, a number of lots, pieces or parcels of land, in the town of Jamaica and county of Queens, and delivered to the plaintiff a certificate signed by said county treasurer for each lot or parcel purchased by him ; the county treasurer did not serve or cause to be served either personally or by publication upon the owner or mortgagee of the lands and premises so sold to said Aaron A. DeGrauw any notice of the sale, as required by the terms of chapter 135 of the Laws of 1873, and the acts amendatory thereof, nor were any such notices served at least six months previous to the expiration of fifteen months from the days of sale, as above stated, nor has he caused proof of such service, or of any alleged service of notice to be filed with the clerk of Queens county. None of the lands have been redeemed from the sales made as above stated, and the plaintiff is now the owner and holder of the several certificates of sale heretofore issued and delivered to him by said George W. Bergen, county treasurer as aforesaid. Said Aaron A. DeGrauw has demanded from the defendants the payment and return to him of the sum of money specified in each of the said certificates as paid by him, with the interest on the several sums stated from the times respectively above mentioned, and has also tendered and offered, and now tenders and offers, to surrender or cancel the said certificates upon being paid the sum therein stated, with interest as aforesaid.

The questions submitted to this court upon the case were as follows :

1. Under the statute under which the premises were sold, is the county treasurer required to serve notice upon the owner or mortgagee of the lands and premises sold, and within what time must such notices be served? This notice not having been served, will a service under chapter 361 of 1877 cure the defect and entitle the purchaser to a lease if the premises are not redeemed within the time specified in that act?

2. If such notices have not been served at least six months prior to the expiration of fifteen months from the day of sale, and the omission cannot be cured by the act of 1877, is the defendant liable for the neglect or default of the treasurer in not serving said notices upon the owner and mortgagees of the premises sold?

3. If the defendant is liable for such neglect or omission, to what extent is the plaintiff entitled to recover?

*John J. Armstrong*, for the plaintiff.

*Wm. H. Onderdonk*, for the defendant.

DYKMAN, J.:

In the view we take of this case it will not be necessary to determine when the notice required by section 17 of chapter 135 of the Laws of 1873, to be served on the owners and mortgagees of the lands sold, must be served by the county treasurer, nor whether the fact being that no such notice was given, the difficulty can be obviated by a service under the provisions of chapter 361, of the Laws of 1877. We might possibly get over the troubles arising from the neglect to serve the notice by giving these two acts their most extensive sense, but it would only be to reach another obstacle which seems to be insurmountable, and which we will proceed directly to examine without deciding the two questions above referred to.

Besides being political divisions the several counties in this State, are bodies corporate and have capacity to sue and be sued in the manner prescribed by law, and when any controversy or cause of action exists between a county and an individual, the same proceedings must be had for the purpose of trying the same as in other suits between individuals and corporations, and in all such suits the county

must sue and be sued in the name of the board of supervisors, except where county officers shall be authorized by law to sue in their name of office for the benefit of the county. (1 R. S., 364, § 1; p. 384, §§ 1, 2.)

Each county has a county treasurer who is its sole financial officer, and whose powers and duties are specially defined by statute, but who is in no sense the agent of the county. He is elected the same as all other county and town officers to assist in carrying on the local machinery of the State government, and has assigned to him by law certain independent powers and duties. For his conduct as such officer he is amenable to the laws of the land and the judgment of his countrymen, but we have been referred to no case where a county has been held responsible either for the misfeasance or malfeasance of its county treasurer, and after an extended search we have been unable to find one. It is true the county treasurer stands as the financial agent of his county. He receives the money belonging to it and pays the same out upon proper order, and the receipt of money belonging to the county by its treasurer is a receipt by the county, and an action can be maintained against a county for the recovery of money illegally collected and paid to its treasurer. (*Newman* v. *Supervisors of Livingston*, 45 N. Y., 676.) In that case a tax had been illegally levied and collected against the plaintiff and paid into the treasury of the county. The action was not brought to recover for the misfeasance of any of the officers either town or county, by whose instrumentality the wrong had been perpetrated, but it was brought for the recovery of money in the possession of the defendant which did not belong to it, and did belong to the plaintiff, and the action was maintained on that ground alone.

*Chapman* v. *The City of Brooklyn* (40 N. Y., 372) went upon substantially the same ground, and is no authority for the plaintiff. These cases only show that municipal corporations are not exempt from the liability which attaches to all corporations as well as to individuals, to refund money inequitably received.

A very different question is presented, however, when it is sought to make either an individual or a corporation liable for the wrongful or negligent acts of a third person, for before that can be done the relation of master and servant between the party sought to be held

liable, and the *tort feasor* must first be established. This cannot be done between a county and its county treasurer.

In the case of *Lorillard* v. *The Town of Monroe* (11 N. Y., 392) it was sought to hold the town responsible for a mistake of the assessors in erroneously assessing property of the plaintiff, and then compelling him to pay an illegal tax, and the Court of Appeals there held that the assessors and collector were not in any legal sense the agents of the town in its corporate capacity, and that the town was not responsible for any mistake or misfeasance committed by them in the performance of their duty. There is no reason why the same rule should not be applied to county officers. Nobody ever supposed that a county could be held responsible for the misfeasance of a sheriff, or a county clerk or register, and yet there is as much reason why it should be liable for their negligence as for that of a county treasurer.

Neither can this action be maintained, on the ground that the money received from the plaintiff by the county treasurer was received in his official capacity as the funds of the county, and so received by the county itself, for, by the statute under which the sales were made and the money received, the county treasurer is required to pay all the money received on the sales for unpaid taxes to the town of Jamaica. In fact, the whole act relates to that town only, and the county of Queens could not receive any of the money paid to the plaintiff, and there is no claim that it ever has.

Moreover, in making the sales to the plaintiff and receiving the money therefor, the county treasurer did not act in behalf of his county in any sense. The legislature selected him as a proper person to perform certain acts in relation to the unpaid taxes in the town of Jamaica, and devolved certain duties upon him in that respect, but they have no relation to his official position. True, he is designated by his official title, but only as any other official, selected as he was, would have been. It would have been perfectly competent for the legislature to clothe any county or town officer or private individual with the same powers that were given to the county treasurer. Then there would have been no suggestion of any liability of the county for the acts of such person, and yet the claim for liability now has no better foundation.

The plaintiff places reliance upon two provisions of the Revised Statutes which are as follows :

First. "All losses which may be sustained by the default of the collector of any town or ward shall be chargeable on such town or ward. All losses which may be sustained by the default of the treasurer of any county in the discharge of the duties imposed by this chapter shall be chargeable on such county, and the several boards of supervisors shall add such losses to the next year taxes of such town or county." (1 R. S. [6th ed.], 985, § 5.)

Next, "All losses which may be sustained, and any deficiencies which may exist by reason of the default of the collector of any town or ward, shall be chargeable on such town or ward. All losses which may be sustained and any deficiencies which may exist by the default of the treasurer of any county in the discharge of the duties imposed by law shall be chargeable to such county ;" the remainder of the section provides that if any judgment shall be obtained against such treasurer for any deficiency on account of the State tax, the execution returned unsatisfied shall be conclusive evidence of such deficiency, and it shall thereupon become a county charge and be added to the next year's taxes. (1 R. S. [6th ed.], 960, § 69.)

It is entirely clear that these two sections have reference only to the accounts of the collector and the county treasurer and to defaults made by those officers in relation to these accounts, and were intended to provide that all deficiencies occasioned by such defaults were to be charged on and not to their respective towns and counties and the amounts thereof included in the tax levy for the next year. It certainly was not intended by these two statutes to enlarge the liability of either town or county for the acts of their officer.

Our conclusion is that the plaintiff cannot recover in this action, and that the defendant must have judgment, with costs.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment for defendants upon submitted case, with costs.