JOHN ALAMANGO, ALIAS DENNIS SHULTZ, APPELLANT, v. THE BOARD OF SUPERVISORS OF ALBANY COUNTY AND THE MAYOR AND RECORDER OF THE CITY OF ALBANY, RESPONDENTS.

*Negligence — public officers managing a penitentiary are not liable to a convict for injuries arising from the negligence of their servants.*

The complaint herein alleged that the defendants were authorized and directed by an act of the legislature, to establish a penitentiary in the county of Albany for the punishment of persons convicted of crimes and misdemeanors in that county; that they established the Albany penitentiary and appointed the proper officers to manage and superintend it; that in August, 1879, the plaintiff, who had been sentenced to and was then confined therein, was illegally put to work and compelled to approach a circular saw; that in so doing his hand was caught by the saw and cut off; that the injury was occasioned by the illegal and negligent acts of the defendants in compelling him to approach the saw, and in not providing proper means for the execution of the business of the institution.

*Held,* that a demurrer interposed to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, should be sustained.

APPEAL from a judgment, entered upon an order sustaining a demurrer to the complaint.

*B. R. Heyward,* for the appellant.

*R. W. Peckham,* for the respondents.

RUMSEY, J.:

The conclusions of law in the complaint are admitted by the demurrer only so far as they are legitimate deductions from the facts. (*Kinnier* v. *Kinnier*, 45 N. Y., 535.) The facts alleged are shortly, that the defendants were by act of the legislature "authorized and directed" to establish a penitentiary in the county of Albany for the punishment of persons convicted of crimes and misdemeanors in that county; that they did so, and appointed the proper officers to manage and superintend it; that in August, 1879, plaintiff was sentenced to be confined therein; that he was illegally put to work; that while he was thus at work he was compelled to approach a circular saw to peform the duties thus illegally put upon

him, and his hand was caught in it and cut off; that the injury was caused solely by the illegal and negligent acts of "said defendants, their officers or agents," in compelling plaintiff to approach the saw, and not providing proper means for the execution of the business of the institution. To this complaint defendants demurred, and, after argument, judgment was entered for the defendants on the demurrer. The plaintiff appeals. It must be conceded that the defendants, in building and managing the Albany penitentiary, were engaged in a public duty which concerned the administration of criminal justice, and that they were not a corporation but were a mere instrumentality selected by the State. (*Lorillard* v. *Town of Monroe*, 11 N. Y., 392; *Brown* v. *People*, 75 id., 441, 442.) The duty of punishing criminals is inherent in the Sovereign power. It may be committed to agencies selected for that purpose, but such agencies, while engaged in that duty, stand so far in the place of the State and exercise its political authority, and do not act in any private capacity. It is so in the laying out and maintaining of highways, the building of court-houses and school-houses as well as in the building of jails and places of detention. In the performance of all such duties it is settled by the unanimous agreement of the courts that these agencies are not liable for neglect or misfeasance unless the liability is especially imposed by statute.

It is not necessary to discuss the reason of this rule for there is no break in the long line of authorities by which it is established. (*Russell* v. *Men of Devon*, 2 Term, 667; *Hill* v. *Boston*, 122 Mass., 344, and cases cited; *Hallenbeck* v. *Winnebago Co.*, 35 Am., 151; *Kincaid* v. *Hardin Co.*, 36 id., 236; *Woods* v. *Conway Co.*, 7 N. W. Reporter, 269; *French* v. *Boston*, 129 Mass., 392.)

There is a class of cases in which the municipal corporation has been held liable for its negligence. Such are *Bailey* v. *Mayor* (3 Hill, 531) and *Oliver* v. *Worcester* (102 Mass., 489). But the liability in those cases was put upon the ground, now well established, that the corporation was doing an act for its own benefit and profit primarily in the management of a franchise voluntarily assumed, and was not in the discharge of a public duty. It is not averred in this complaint that the defendants received pecuniary profit from the work done in the penitentiary; and if it were we do not think that fact would aid the plaintiff. The liability is not

put upon the ground of the profit which may incidentally arise, but upon the nature of the work done or of the undertaking as *done for* the private advantage or emolument of the municipal corporation. (See cases last above cited.) The case of *Mersey Docks* v. *Gibbs* (L. R., 1 H. L., 93) was put by the House of Lords on the ground that the legislature intended to impose upon the Mersey Docks Company the same liability which attached at common law to individual owners of similar works. (*Hill* v. *Boston*, 122 Mass., 368, GRAY, Ch J.)

Upon careful consideration we are clearly of opinion that the complaint does not state facts sufficient to constitute a cause of action and the judgment must be affirmed.

OSBORN, J., concurred; LEARNED, P. J., not acting.

Judgment affirmed, with costs.