WILLIAM F. AUGUSTINE, as Administrator of the Estate of JOHN B. AUGUSTINE, Deceased, Plaintiff, *v.* TOWN OF BRANT, Defendant.*

Supreme Court, Erie County, March 3, 1928.

Towns — parks — negligence — plaintiff's intestate was drowned at bathing beach in town park through negligence of defendant — defendant operated park as private enterprise and is liable — defendant estopped from pleading that park was not legally created under Town Law, article 17-A — park was operated in accordance with Town Law, §§ 346 and 347 — plaintiff not required by Town Law, § 133, to present claim to town board for audit.

The defendant, a town, is liable for negligence resulting in the death of the plaintiff's intestate who was drowned while in bathing at a bathing beach within a town park. The defendant town was not engaged in a governmental function in maintaining and operating the park but was engaged in a private enterprise and is, therefore, liable for negligence in the conduct of the park.

The fact that the park was not established strictly according to article 17-A of the Town Law does not bar a recovery by the plaintiff, since it appears that for more than ten years the park has been operated by the town in accordance with the provisions of sections 346 and 347 of the Town Law; that during said period the town has received substantial sums through the operation of the park, and that no question as to the legality of its creation has before been raised. Under the circumstances the defendant is estopped from pleading illegality in the creation of the park.

Plaintiff is not required as a condition precedent to the maintenance of this action to present his claim to the town board for audit under the provisions of section 133 of the Town Law.

MOTION by the defendant to set aside verdict on the judge's minutes, under section 549 of the Civil Practice Act, and for a dismissal of the complaint.

———————

* Revd., 224 App. Div. ——.

Supreme Court, March, 1928. [Vol. 131]

*Ward, Flynn, Spring & Tillou [Dana L. Spring* of counsel], for the plaintiff.

*Ticknor & Pomeroy [Willard H. Ticknor* of counsel], for the defendant.

HARRIS, J. This action was brought by the plaintiff to recover money damages for the death of the plaintiff's intestate through the alleged negligence of the defendant. Such death occurred by drowning at a beach adjacent to or in the vicinity of a park commonly known as Brant Park, which park, the plaintiff alleged, is owned and maintained by the defendant. The plaintiff alleged and presented proof to the effect that the town of Brant had maintained this park for some eleven years and that the town had constructed at such park bathhouses and held out the place as a public resort and charged non-residents of the town a fee of fifty cents for each automobile entering the park. Proof was made that, on the afternoon of this drowning, the plaintiff's intestate, together with a number of other young people in several cars, visited the park for the purpose of bathing, and, on entering such park a fee was paid to a man designated by the town board as the overseer of the park. Proof was also presented to substantiate the further claim that, through the failure of the defendant to warn of dangers known to the town and its officers, and the further failure to provide life saving means, the plaintiff's intestate met his death while free of any negligence on his part. The verdict of the jury was for damages in the sum of $1,000 in favor of the plaintiff and against the defendant. There was sufficient evidence of the negligence of the defendant and freedom of contributory negligence of the plaintiff's intestate to warrant the verdict and the sum of $1,000 damages also for the death of the plaintiff's intestate certainly is not excessive.

The defendant contended on the trial that the complaint should be dismissed and contends on this motion that the verdict should be set aside on the following grounds: *First*, that the defendant, the town of Brant, is a civil division of the State created for local governmental purposes, and, therefore, no action for damages can lie against such town unless there exists specific statutory authority for bringing such action; *second*, that, due to the fact that the statute providing for the establishment of a town park was not literally followed in establishing the so-called town park, the defendant cannot be held liable for misconducting such park, even though it may have been liable if such statute had been followed; and, *third*, no claim for damages for the death of the plaintiff's intestate was ever presented to the town board for audit.

It must be conceded that the defendant, the town of Brant, is a civil division of the State, and, as such, it is not liable to suit without specific statutory authority for matters growing out of the exercise of a governmental purpose. However, the make-up of a town in this State is dual in character. It exists primarily as a subdivision of the State to more conveniently carry on the governmental functions of the State. The duties involved in such governmental functions are involuntary and are placed upon the town without its consent. The officers who carry out such functions have a duty fixed by legislative act and a town cannot control such officers in the performance of their duties, and, therefore, in so far as such duties are concerned, the rule of *respondeat superior* does not apply as between town and officers. (*Lorillard* v. *Town of Monroe*, 11 N. Y. 392; *Short* v. *Town of Orange*, 175 App. Div. 260; *Brothers* v. *Town of Leon*, 198 id. 144.) The other feature of the dual make-up of a town is that it has a corporate capacity and, as such corporation, may hold property and sue and be sued in relation to matters arising from its corporate capacity. (*Lorillard* v. *Town of Monroe, supra;* Town Law, §§ 2, 11.)

In such corporate capacity a town may be permitted by legislative authority, if the town so desires, to assume special duties and to engage in enterprises not necessary to governmental purposes. Apparently it is the law that, when a town engages in such an enterprise or assumes such a special duty, it becomes liable like an ordinary individual for the proper conduct of such duty. (Smith's Modern Law of Mun. Corp. [vol. 1], § 773; *Bigelow* v. *Inhabitants of Randolph*, 80 Mass. [14 Gray] 541.) In the case at bar the contention of the plaintiff is that the so-called town park came into being by virtue of the provisions of article 17-A (§§ 342–348) of the Town Law (added by Laws of 1914, chap. 382, as amd.). Such statute is permissive in its nature. A town which follows this permission is not compelled to establish and maintain a park as a governmental function forced upon it by the State and acting for the State, but, rather, of its own choice assumes in its corporate capacity the duty to establish and maintain such park. In my opinion this is an instance of a town engaging in a private enterprise, and the town board in establishing and maintaining such a park are not acting as individual officers charged with special governmental duties by legislative act, but are acting as and for the town in its corporate capacity. This being so there appears to me to be no reason why the town should not be liable the same as an individual for the negligent conducting of a park established by permission and not by force of law. (*Van Dyke* v. *City of Utica*, 203 App. Div. 26, and cases cited therein; *Rhobidas*

*v. Concord,* 70 N. H. 90; *Herman* v. *Board of Education* 234 N. Y. 196.)

The park involved in this action was not created strictly in accordance with the provisions of article 17-A of the Town Law, in that no meeting of taxpayers was held to pass on the obtaining of the land and the establishment of the park. However, the land was obtained and the park established and maintained from town funds by action of and under direction of the town board, the same body designated by statute to conduct and maintain a town park. (Town Law, § 346, as added by Laws of 1914, chap. 382; Id. § 347, added by Laws of 1914, chap. 382, as amd. by Laws of 1925, chap. 475.)

This conducting of the park extended over a decade and moneys obtained from patrons for the use of said park were paid into the town treasury in substantial sums. During all the years of the existence of the park no question was raised on behalf of the town or its taxpayers as to the legality of the establishment of the park and its maintenance at town expense. After all these years of acquiescence in the conducting of the park and the receipt of its benefits, the principles of estoppel surely must apply as against the defendant in reference to the conducting of this park. Though the establishment of the park was not in strict accordance with the statute, it was conducted and maintained as provided for in sections 346 and 347 of the Town Law. (White Negligence of Mun. Corp. § 34.)

In contending that before suit the claim for damages for the death of the plaintiff's intestate should have been presented to the town board for audit the defendant cites section 133 of the Town Law (as amd. by Laws of 1920, chap. 578) as authority for such contention. An examination of such section shows that it merely provides for an annual meeting of a town board for the purpose of auditing and allowing or rejecting all charges, claims and demands presented to the board against the town. The section does not, neither does any other section of the Town Law or of any other statute of the State, require or provide for the filing of a claim of the nature involved in this suit or prescribe any time or method of filing such a claim with the town board. The section so cited (Town Law, § 133) apparently is for the purpose of providing a means for the town officers as the board of audit to pass on claims presented to such board for moneys disbursed and indebtedness incurred for services performed or materials furnished the town, and this view of such section is substantiated in my opinion by the case cited by the defendant on this point. (*People ex rel. Myers* v. *Barnes,* 114 N. Y. 317.)

In view of the foregoing I have reached the conclusion that the

defendant, the town of Brant, maintained the park involved in this suit substantially in compliance with the provisions of article 17-A of the Town Law, and that the maintenance of such park was not in the nature of the performance of a governmental function, but was a private enterprise conducted by the town in its corporate capacity, and that suit could be brought against the town for negligence arising from the maintenance of such park and that it was not necessary for the plaintiff before bringing such suit to file a claim with the town board.

Therefore, the motion of the defendant to set aside the verdict and dismiss the complaint is denied.