In the Matter of the Application of SYDNEY O. CRYSTAL, Petitioner, for a Mandamus Order against JOSEPH H. FOSTER, as Receiver of Taxes of the Town of Hempstead, County of Nassau, State of New York, and Another, Respondents.

Supreme Court, Nassau County, July 7, 1933.

*Elias E. Kohner*, for the petitioner.

*Patterson, Christ & Griffin*, for the respondent Foster.

*Wood & Gehrig*, for the respondent Town of Hempstead.

*Robert H. Koehler, amicus curiæ.*

CUFF, J. This is an application for mandamus directing the receiver of taxes of the town of Hempstead to deliver a certain tax receipt to petitioner. The tax became due on January 1, 1933, and was payable without penalty up to February 11, 1933. On Febru-

ary 8, 1933, petitioner sent respondent a certified check for $707.20, the amount of his taxes. Respondent failed to deposit the check in the bank and on March 3, 1933, the bank on which the check was drawn closed and has not opened. On April 4, 1933, twenty-three days after its receipt, respondent returned the check to petitioner, stating that it was uncollectible. Petitioner immediately sent the same check back to respondent, insisting that the taxes for which it was given be marked paid and that a receipt be sent him. On April 26, 1933, he made personal demand for such receipt. It was refused. The court has been assisted in the determination of this motion by Robert H. Koehler, who filed a memorandum *amicus curiæ.*

Petitioner argues that respondent's retention of the check was acceptance by the town of payment of the tax in that form. He claims that section 322 of the Negotiable Instruments Law is applicable and required presentment of the check within a reasonable time under penalty of granting to the maker a discharge of the debt. He rests his claim upon the fact that respondent's holding the check for twenty-three days after its receipt was unreasonable.

Counsel for the town denies that the receiver of taxes is clothed with authority sufficient to bind the town by his acts and further that the law requires that all taxes be paid in money, not checks.

Collectors of taxes cannot bind the town by their mistakes.

" I am of opinion, therefore, that the assessors and collectors of taxes are independent public officers, whose duties are prescribed by law, and that they are not, in any legal sense, the servants or agents of the town, and that the towns as corporations are not responsible for any default or malfeasance in the performance of their duties. * * *

" * * * even a municipal corporation was not liable for the misfeasance or non-performance of one of its officers, in respect to a duty imposed by the statute upon such officer." (*Lorillard* v. *Town of Monroe,* 11 N. Y. 392, 395, 396.)

That case is cited in *Town of Amherst* v. *County of Erie* (260 N. Y. 361, 370), where Hubbs, J. says: " Town tax collectors are not town officers but independent public officers. * * * They act directly for the county."

Petitioner is unable to cite any statute which authorizes the payment of taxes by check. It is true that the tax bill contains the words " all checks must be certified." That does not rise to the dignity of authorizing payments by check, which binds the town. To the contrary, this language is found in section 514 of the Town Law: " Within twenty-four hours after receiving the same, he [receiver] shall deposit all *sums of money* received and collected by

him in such bank or banks as may be designated from time to time by the town board."

The words on the tax bill mean that if a taxpayer desires to pay by check, the check must be certified. The courts have uniformly held that taxes must be paid in money. (*McLanahan* v. *City of Syracuse*, 18 Hun, 259; Opinions of Attorney-General, Aug. 15, 1911, vol. 2, p. 614.)

Petitioner's theory that retention of the check by respondent is binding upon the town not only fails because of the above citations and reasoning, but because it is adverse to the great weight of authority.

" We are of the opinion that this rule, applicable between private individuals, cannot govern as between an individual whose duty it is under the law to pay his taxes and pay them in money, and a public officer, whose duty it is to collect the taxes and collect them in money." (*Eggleston* v. *Plowman*, 49 S. D. 609; 207 N. W. 981.)

Other cases cited in that splendid opinion hold that taxes must be paid in money, that no official has authority to accept payment in any other form and that he who pays taxes by check does so at his peril.

The only case brought to the court's attention holding otherwise is *Kritsch* v. *City of Chicago* (198 Ill. App. 395). That is not the law of this State. *McLanahan* v. *City of Syracuse* (*supra*), although decided in 1879, dealing with this precise question, is the law of New York. In that instance the tax collector accepted postdated checks which were dishonored. The court held that the tax receiver had no authority to receive anything in payment of taxes but money.

Petitioner argues that tax collectors are executives, and their acts bind the municipalities they represent. He cites language in opinions which seems to confirm that view. I must disagree. A receiver of taxes is nothing more than a cashier. He has no discretion whatsoever. He can neither require that taxpayers remit more, nor excuse them so that they may pay less, than the tax levied. The dates of payment are fixed by law and his depository is selected for him. Petitioner may be misled because the receiver is an elective official. There is no reason why he should be. It must be remembered that Nassau county is functioning under a governmental machine over one hundred years old, worn out, and badly in need of repair.

This application must be denied.