In the Matter of the Estate of James S. Leeds, Deceased.

Surrogate's Court, Kings County, January 18, 1935.

*Morgan & Lockwood,* for the City Bank Farmers Trust Company.

*McQuistion & Malcolm,* for the Bronxville Trust Company.

WINGATE, S.   When this application was first presented, it was the understanding of the court that the motion of the accountant to strike out the objections of the respondent applied to all objections

which had been filed. It has been made to appear that this conception was erroneous and was caused by the failure of the moving parties to file their notice limiting the issues raised by their application. In conformity with the agreement of all concerned, the respondent has amended its objection in three particulars and the present application is to dismiss these amended objections.

By his will, probated in this court in June, 1923, James S. Leeds erected a trust in the principal sum of $65,000, the income from which was payable to his wife, Sarah, for life, the item in question continuing " and she shall have full power to dispose of the same by will or otherwise and upon her death my Executor and Trustee shall pay the same to such person or persons as she shall so direct."

Sarah W. Leeds, the life tenant, died on August 25, 1933, letters testamentary on her will being granted to the Bronxville Trust Company by the surrogate of Westchester county on October twenty-seventh following. In her will she exercised, in favor of her executor, the power of appointment granted by the will of her husband. The trustee now seeks to turn over to this appointee in specie the securities comprising the investments of the principal fund.

If the court correctly understands the wishes of the parties, the only question on which they desire its decision is as to whether, in the situation here disclosed, the executor-appointee under the will of Mrs. Leeds can be compelled to accept these securities in kind against its will.

It is, of course, well established that the act of the donee of a power of appointment is merely the exercise of a limited agency to name the person or persons who are to receive the part of the trust estate of which ultimate disposition is not made in the will of the donor of the power. (*Matter of Terwilligar*, 135 Misc. 170, 176; affd. on opinion of this court, 230 App. Div. 763; *Matter of Terwilligar*, 142 Misc. 249, 252; *Matter of Burling*, 148 id. 835, 842.) The effect, for all practical purposes, is the same as if the will granting the power, after giving the life estate to the wife, had directed the remainder to be paid to a person whose name was omitted from the will, a blank space being left for its insertion, and had thereupon validly authorized the donee of the power to insert a name in such blank space.

As is demonstrated by the authorities reviewed in the foregoing citations, the appointee takes under the original will in a manner identical with that which would have occurred had the original testator inserted his name in the will granting the power. It follows, therefore, that his rights are identical with those received by any remainderman personally named by the testator.

The directions contained in the will of Mr. Leeds respecting the duties of his trustee in distributing the remainder of the trust, after the death of his wife, are clear and explicit. He says: " my Executor and Trustee shall *pay* the same to such person or persons as she shall so direct." (Italics not in original.)

" The word ' pay ' primarily and ordinarily means the use of money." (*Angelo* v. *Railroad Commission*, 194 Wis. 543, 547; 217 N. W. 570.) "A legacy or other payment pursuant to a direction in a will is ordinarily payable in cash, but it does not prevent any other form of payment which is acceptable to the payee." (*Villard* v. *Villard*, 219 N. Y. 482, 500.)

A direction to " pay " is the exact equivalent of one to " make payment," but payment can be made only in legal tender in the absence of an agreement by the payee to accept some other medium of satisfaction of the obligation. (*Kingston Bank* v. *Gay*, 19 Barb. 459, 460; *Persons* v. *Gardner*, 122 App. Div. 167, 170, 171; *Sokoloff* v. *National City Bank of N. Y.*, 130 Misc. 66, 78, affd., 223 App. Div. 754; affd., 250 N. Y. 69.)

In *Weeks* v. *Cornwell* (104 N. Y. 325, 338) it was held that " the word ' pay ' is not properly used to denote the distribution or division of real estate," and no reason appears for its greater applicability to the distribution or division of any other variety of property except money.

As this court had occasion to observe in *Matter of Froelich* (150 Misc. 371, 373): " The primary right to the payment of the remainder in cash * * * is unquestionable. In the present instance the natural connotation of the terms of the will itself, with its direction to ' pay,' implies such an intention on the part of the testatrix, but even in the absence of this or similar language, it cannot be doubted that the same right resides in a remainderman or one succeeding to his interest." (See, also, *Matter of Blake*, 146 Misc. 780, 784; *Matter of Flint*, 148 id. 474, 486; revd. on other grounds, 240 App. Div. 217.)

The testamentary direction is further reinforced by the provisions of section 268 of the Surrogate's Court Act which permits delivery in kind by way of distribution to one *sui juris* only upon the filing of a consent to that effect by the distributee.

It is conceivable, of course, that this statutory rule might be circumvented in a given case by an express direction by the testator for a distribution in kind, since the legatee could presumably claim no rights greater than those given him by the testator. Such, however, is not the present case.

The accountant, while apparently recognizing that the directions of Mr. Leeds' will and the provisions of section 268 would ordinarily

prevent its insistence that the remainderman should accept distribution in kind, maintains that certain directions in the will of Sarah W. Leeds authorize it to adopt this method of distribution.

The item of her will upon which reliance is placed in this connection is that in which the power of appointment is exercised by her, and reads:

" *Tenth.* I hereby exercise and execute the power of appointment given me by the last will and testament of my deceased husband, James S. Leeds, and particularly over the Sixty-five thousand Dollars ($65,000) given and bequeathed by paragraph ' fifth ' thereof, and direct the Executor and Trustee under said last will and testament and its successor and successors in either or both capacities to pay over, transfer and deliver to my Executor hereinafter named in its capacity as such Executor any and all sums of money and/or property, and any and all rents, issues, profits, interest and income thereof which it or they may have possession, care or control pursuant to said will and testament of James S. Leeds, deceased, and more particularly pursuant to paragraph ' fifth ' thereof, and such property shall be added to and become part of my general estate, and I direct my said Executor to receive said money and/or property and to distribute the same as part of my general estate in accordance with the terms and provisions of this my last will and testament."

This contention demonstrates merely the imperfect understanding of the accountant of the extent of and limitations upon the agency granted to the donee of a power of appointment. As hereinbefore indicated, this agency is limited to the act of filling in the substantial blank left in the will of the donor of the power with the name of the remainderman desired by the donee. When this act has been performed, the power of agency is exhausted; the original testamentary act is complete and is to be executed according to its terms in so far as it may not be contrary to law. The remainderman named by the donee of the power takes under and in accordance with the terms of the original document which the donee is wholly powerless to alter. (*Matter of Terwilligar*, 142 Misc. 249, 252, and authorities there cited.) Whereas the composite dispositions are, in one connection, to be construed as an entity, this is solely for the purpose of determining whether or not the total devolution of the property thus effected infringes any pertinent rule of law.

Mrs. Leeds' purported directions to the fiduciary under her husband's will, in so far as they transcend her sole disputed power of indicating the recipient of the remainder, and attempt to contravene the express directions of its principal as to the manner of performance of the duties imposed upon it, are wholly nugatory.

The power of appointment does not authorize her to alter any direction in the underlying will, but merely to supply the omission therefrom as to the identity of the recipient of the remainder. The instrument of his appointment is the sole charter of authority of a trustee (*Matter of Ebbets*, 149 Misc. 260, 265), and his rights and authority and the propriety of his acts are solely determinable from its provisions.

It was of course competent for the testatrix to regulate the conduct of her own fiduciary in a manner not subversive of existing rules of law, and it is conceivable that had she given explicit and unequivocal directions that it should accept in kind the securities in which the trust fund was invested at the time of her death, its authority to enforce the rights given under the testator's will might be questioned. Such a limitation would, however, be anomalous to a degree and an extremely strong case would be requisite to the demonstration of any such intention on the part of the testatrix since it would be potentially detrimental to the interests of her estate. Any such intention cannot be imputed to the present testatrix under the language of her will, if for no other reason than because her directions to her executor respecting acceptance are alternatively in the disjunctive, by reason of which no obligation is imposed upon it to waive the express rights given it by law of requiring the trustee of the underlying estate to make payment in the manner directed in the instrument of its appointment.

It follows in the case at bar that since the will of James S. Leeds expressly directed the accountants to " pay " the remainder of the trust to the person named by the wife, its obligation is to make payment in cash unless compliance with the provisions of section 268 of the Surrogate's Court Act can be demonstrated.

The application is accordingly in all respects denied.

Enter order on notice.