ELAR DEVELOPMENT Co. INC., Plaintiff, *v.* COUNTY OF SULLIVAN et al., Defendants.

Supreme Court, Special Term, Sullivan County, July 12, 1950.

*William G. Costa* for County of Sullivan, defendant.

*Morris M. Oppenheim* for plaintiff.

MacAffer, J. The defendant, the County of Sullivan, moves to dismiss the complaint herein upon two grounds: (a) that the complaint on the face thereof fails to state facts sufficient to constitute a cause of action; and (b) that the cause of action stated therein is barred by the Statute of Limitations of action.

The complaint purports to set forth two causes of action, the first cause of action against all of the defendants and the second cause of action against the defendant, the County of Sullivan alone. The twenty-nine paragraphs of the first cause of action are repeated as the second cause of action to which is added only the thirty-first allegation, which alleges that by reason of such facts plaintiff has been damaged in the sum of $5,000.

The gravamen of the complaint appears from its allegations to be as follows: that on February 5, 1941, the plaintiff through its president requested of the County Treasurer of the defendant county a statement of all unpaid taxes on the property recently purchased by the plaintiff, formerly owned by one Ella Brehany in the town of Thompson, county of Sullivan; that it was the duty of the County Treasurer to furnish such statements; that the County Treasurer furnished an erroneous statement which omitted the taxes past due and unpaid on one parcel of such property; that as a consequence such parcel of property was unlawfully and wrongfully sold by the County Treasurer for unpaid taxes and a deed given and recorded to the purchaser, the defendant, Rose Silverstein, who in turn conveyed such property to defendant, Guild Properties Inc.; that defendant, Guild Properties Inc., conveyed to the defendants Levine who have given back a purchase money mortgage to said defendant, Guild Properties Inc.

The plaintiff demands judgment that the sale by the County Treasurer and the subsequent conveyances be declared void; that the plaintiff be entitled to redeem said property from the tax sale; that the said conveyances be declared clouds upon the title of the plaintiff and be directed to be cancelled and discharged of record and in the alternative of denial of this relief that the plaintiff have judgment against the County of Sullivan in the sum of $5,000.

The plaintiff does not contend that it requested the County Treasurer to make a search of unpaid taxes against the property in question. The records of unpaid taxes were public records and were available to inspection by any person. No

attack is made upon the procedure employed in advertising and conducting the tax sale, and the court assumes that the sale was advertised and conducted in accordance with the provisions of law applicable.

Counsel for both plaintiff and defendant in their briefs submitted to the court argue and contend with respect to the liability of the defendant county for the acts of the County Treasurer and the application of the Statute of Limitations to the plaintiff's cause of action. It seems to be conceded therefore, that unless the defendant, the county of Sullivan, is liable for the acts of the County Treasurer, no cause of action is stated against the defendant county even with respect to the prayer for the declaration of the nullity of the sale and conveyance by the County Treasurer and the subsequent conveyances thereto. No allegation is made in the complaint that the defendant county is or ever has been the owner of the fee of the property or of any interest therein.

A County Treasurer is an elected official whose term of office is prescribed by law (County Law, § 140). His general powers and duties are set forth in section 142 of the County Law. Additional functions are designated by other provisions of the County Law and other statutes. The function of the office of the County Treasurer with respect to the sales by the County Treasurer for unpaid taxes and for the redemption of lands so sold is set forth in article 7 of the Tax Law. In the discharge of the duties prescribed by this statute a County Treasurer is performing the governmental functions of his office (*Lorillard* v. *Town of Monroe*, 11 N. Y. 392, 394; 38 Am. Jur., Municipal Corporations, § 615, p. 314). In the collection of taxes assessed pursuant to statute and in the conduct of sales of such property for unpaid taxes, the County Treasurer is discharging the duties imposed upon him by law. He is not acting for the county as agent or servant but in his own right (*Lorillard* v. *Town of Monroe, supra*; *DeGrauw* v. *Supervisors of Queens Co.*, 13 Hun 381; 38 Am. Jur., Municipal Corporations, § 596).

The plaintiff argues that the county is not immune from liability by reason of the enactment of section 8 of the Court of Claims Act whereby the State assumed liability for the acts of its officers, agents and employees. Neither in the complaint nor in plaintiff's memorandum on this motion does the plaintiff attempt to demonstrate that the County Treasurer is a servant or agent of the county in the performance of the acts com-

plained of. It does not follow from the fact that the County Treasurer is a county officer that he is an agent or servant of the county in the performance of such duties. On the contrary it appears under the authorities cited above that such officer is not a servant or employee of the county in the discharge of duties independently imposed by statute. Thus the defendant county cannot be liable under the doctrine of *respondeat superior*.

Since the court concludes upon the grounds above stated that no cause of action is stated in the complaint against the defendant county, whether or not the waiver of immunity under the Court of Claims Act extends to the counties of the State in the situation here presented and whether or not the Statute of Limitations is an effective bar to this action becomes academic here. Consequently, the court does not pass upon either question.

The motion of the defendant, the County of Sullivan, to dismiss the complaint against it for failure to state facts sufficient to constitute a cause of action is granted, without costs.

Submit order accordingly.