Irving A. Green, J.
This motion seeks an order fixing the interest chargeable upon the estate tax due in this estate at 4%% instead of at the rate of 10%, as presently assessed by the State Tax Commission; or, in the alternative, that this court reduce the interest assessment to 6%.
*385 The basic issue raised by the petitioner is whether the mailing of a check in payment of the estate tax, as fixed, on the last day of the expiration of 15 months from the date of death constitutes payment of the estate tax within the 15th month from death with the result that the 4%% interest rate applies (Tax Law, § 249-z, subd. 1). Alternatively, the petition alleges that delay was unavoidably involved in making said tax payment by reason, inter alia, of an audit conducted in connection with the Federal estate tax herein in which questions of asset valuations had. first to be determined. Such audit resulted in a Federal tax deficiency assessed against this estate. Thereafter, and within 30 days, the New York State estate tax return was filed and the tax determined. The State Tax Commission, on this motion, asserts that the mere mailing of the tax payment on the last day of the 15th month does not constitute the payment of the estate tax as of such date. It. leaves, to the discretion of this court, the determination of the alternative relief requested, viz.: the reduction of the interest rate from 10% to 6% by reason of unavoidable delay in making said tax payment. (Tax Law, § 249-e.)
"While the parties have placed much emphasis upon the question here of whether or not the date of mailing constitutes the date of payment of said tax, this court need hot reach such question in the disposition of this application. It is not disputed that such payment was made by mail in the form of an uncertified check. “ The courts have uniformly held that taxes must be paid in money” (Matter of Crystal v. Foster, 148 Misc. 327). A direction for payment requires it be made only in legal tender in the absence of an agreement by the payee to accept some other medium of satisfaction of the obligation (Matter of Leeds, 154 Misc. 228, 230). There is no claim here of a valid agreement with the State Tax Commission for its acceptance of other than legal tender in payment of the estate tax. Generally, the acceptance of a check on a bank for the amount of the drawer’s taxes is at most only a conditional payment and the taxes are not deemed paid until the check is paid (84 C. J. S., Taxation, § 623, subd. c). More cogently, before adoption of the present Uniform Commercial Code, and in the absence of an agreement otherwise, the giving of a check in payment of an antecedent debt was conditional payment only and the debt remained until discharged by payment of the check or such dealing with the check by the payee as would, in law, convert what was originally a provisional payment into an absolute one (Carroll v. Sweet, 128 N. Y. 19). Section 3-802 of the Uniform Commercial Code has altered this earlier rule only in those *386 instances where a bank is drawer, maker or acceptor of the check and there is no other recourse on the instrument. In such event, the taking of a check for an underlying obligation constitutes a pro tanto discharge of the debt. In any other case, however, the statute only suspends the obligation, pro tanto, until the check is paid. This latter result conforms substantially to the earlier legal principle applied with respect to a payment by check.
Accordingly, the mailing of an ordinary check on the last day of the 15th month in payment of this estate tax cannot, in any view, constitute “ payment ” of the tax on that day to bring the assessable interest within the rate of P/2% mandated in section 249-z of the Tax Law, and that branch of the motion is denied. This disposition makes it unnecessary for this court to reach the question of whether the date of mailing such check constitutes the date of the payment of this estate tax.
The alternative relief requested is granted. The interest rate is reduced to 6%. No answer or other opposing affidavits bearing on such request were submitted upon this motion. This court finds, as alleged in the verified petition herein, that the estate encountered unavoidable delay in payment of the estate tax by reason of the issues in the Federal tax audit respecting valuation of estate assets as well as the need for the estate to first dispose of a parcel of real property to obtain the cash required for payment of such tax.